570 F.2d 482
 GOVERNMENT OF the VIRGIN ISLANDS, Appellant,
v.
Paul TESTAMARK, Appellee.
GOVERNMENT OF the VIRGIN ISLANDS, Petitioner,
v.
Paul TESTAMARK, Respondent,
and
The Honorable Almeric L. Christian, Chief District Judge,
Nominal Respondent.
 Nos. 77-1795 and 77-2092.
 United States Court of Appeals,
Third Circuit.
 Argued Dec. 7, 1977.
Decided Feb. 9, 1978.
 
 Julio A. Brady, U. S. Atty., Thomas K. Moore, Asst. U. S. Atty., Charlotte Amalie, St. Thomas, V. I., for appellant in 77-1795 and petitioner in 77-2092.
 Michael L. Rankin, Charlotte Amalie, St. Thomas, V. I., for Paul Testamark, appellee in 77-1795 and respondent in 77-2092.
 Before ADAMS, ROSENN, and HUNTER, Circuit Judges.
 OPINION OF THE COURT
 (Filed February 9, 1978)
 ROSENN, Circuit Judge.
 
 
 1
 This case arises from a refusal by the District Court of the Virgin Islands to apply the enhanced sentence provision of the Habitual Criminal Information Act, V.I. Code Ann. tit. 14 § 61(a) (Cum.Supp.1975),[1] in sentencing convicted felon Paul Testamark. The Government appeals the dismissal of the information or, in the alternative, petitions for a writ of mandamus ordering resentencing. We deny the Government's petition for mandamus, and we affirm the order of the district court.[2]
 
 I.
 
 2
 On March 29, 1977, the defendant was found guilty by a jury of assault in the first degree with intent to commit rape.[3] Immediately after the jury was discharged, approximately 6:45 P.M., the trial judge set sentencing for 8:30 A.M. the next morning. Before leaving the courtroom, the government attorney handed the courtroom clerk an habitual criminal information, prepared pursuant to V.I. Code Ann. tit. 14 § 62(a) (Cum.Supp.1975),[4] and at the same time served a copy on defense counsel.
 
 
 3
 The next day, the court reconvened for sentencing at 8:30 A.M. The defendant's attorney informed the court that he had been served with the information, to which the trial judge replied, "disregard it and just address yourself to the sentencing for the offense which he was convicted (of) yesterday." The government attorney also called the judge's attention to the information, but the judge refused to consider it, later stating during the course of the sentencing hearing:
 
 
 4
 The court declines to treat this defendant as an habitual offender not because he does not have the number of convictions which will support that treatment and not because one or more of the crimes of which he has been involved does not involve violence but rather because Mr. Testamark is so well known to the court in the sense of his frequently being before the court for anti-social behavior that I cannot in good conscience give him that treatment because I have no hesitation in saying that all of us, this government, this community must share some of this young man's guilt.
 
 
 5
 This young man is a mentally troubled person . . ..
 
 
 6
 The court thereupon sentenced the defendant to ten years of imprisonment, during which he was to receive psychiatric treatment. Two days later, on April 1, 1977, the Government moved to vacate the sentence, on the ground that the sentence had been imposed illegally because the judge failed to make the determinations required by V.I. Code Ann. tit. 14 § 62(d)(2) (Cum.Supp.1975) before disregarding a habitual criminal information.[5]
 
 
 7
 During all this time, the information had not been before the judge; apparently, the courtroom clerk had inadvertently tucked it into the case file without having docketed and marked it filed. It was not until April 19 that the information was formally filed with the Clerk of the Court. On April 21, the court denied the Government's motion to vacate, finding no showing of illegality of the sentence and that the information had not been properly filed with the Clerk of the Court prior to sentencing as required by statute.[6]
 
 
 8
 On May 9, the court entered a memorandum opinion and order dismissing the information. The opinion declared the Virgin Islands Habitual Criminal Act unconstitutional on the grounds of arbitrary enforcement and vagueness. The order stated simply that dismissal of the information was based on the untimely filing. It is from the May 9 order that the Government appeals.
 
 II.
 A. The Government's Petition for Mandamus
 
 9
 The traditional use of the writ of mandamus has been either to confine an inferior court to a legal exercise of its prescribed jurisdiction, or to compel it to exercise its authority when it is legally required to do so. Roche v. Evaporated Milk Association, 319 U.S. 21, 26, 63 S.Ct. 938, 87 L.Ed. 1185 (1943). Only exceptional circumstances justify invocation of mandamus power, and a mere showing that the district court erred in ruling on a matter within its sphere of authority "fails to demonstrate the necessity for the drastic remedy" of mandamus. Will v. United States, 389 U.S. 90, 104, 88 S.Ct. 269, 278, 19 L.Ed.2d 305 (1967).
 
 
 10
 In the instant case, no such necessity has been demonstrated. Dismissal of an information because of a reasoned belief that it was untimely filed and that the authorizing statute was unconstitutional is not a failure to exercise authority for which the extraordinary remedy of mandamus would be appropriate. Accordingly, the petition for mandamus is denied.
 
 B. The Government's Appeal
 
 11
 The Government contends that a trial judge has authority to dismiss a habitual criminal information only after determining that either: the defendant was not convicted as alleged; that a conviction alleged is invalid; or that the defendant is otherwise not legally subject to an increased sentence. V.I. Code Ann. tit. 14 § 62(d)(2) (Cum.Supp.1975). Because Judge Christian made none of these determinations, the Government argues that dismissal of the information and the imposition of a sentence solely under the felony conviction was in error.
 
 
 12
 The defendant responds to the Government's appeal by pointing to the procedural condition precedent to application of the habitual criminal information, that the information must be filed prior to sentencing with the Clerk of the Court. V.I. Code Ann. tit. 14 § 62(a). The defendant contends that the Government's informal filing with the courtroom clerk does not fulfill that condition precedent.
 
 
 13
 Our review of the record reveals no substantive reason why the habitual criminal information should have been dismissed.[7] There is no question, however, that the April 19 filing of the information was subsequent to the sentencing and, as such, does not meet the procedural condition precedent for application of the enhanced sentence provision.
 
 
 14
 The Government argues that handing the information to the courtroom clerk prior to sentencing should constitute proper filing and to require formal filing is to exalt form over substance. This argument, especially given the circumstances of this case and the prompt action of the Government immediately following the defendant's conviction, has considerable merit. The Government cites for support Freeman v. Giacomo Costa Fu Andrea, 282 F.Supp. 525 (E.D.Pa.1968). In that case, counsel attempted to file a complaint when the clerk's office was closed claiming damages for injuries suffered by an accident victim. Counsel arrived at the courthouse at 12:15 P.M.; the complainant died at 12:20 P.M.; the clerk arrived at 12:45 P.M.; and the complaint was filed at 1:00 P.M. The court held that the action was commenced on behalf of decedent during his lifetime, noting that counsel could have had the complaint slipped under the door at 12:15, rather than wait for the clerk to arrive. Because after-hours delivery to the clerk's office can constitute a proper delivery if no one is there to receive the papers, the Freeman court reasoned, then the complaint should be deemed timely.
 
 
 15
 The Government contends that if the court in Freeman found a timely filing, then surely delivery of the information to the courtroom clerk the night before sentencing should constitute proper filing. Freeman is not apposite. Unlike Freeman, we are not concerned here with a filing when the Clerk's office was closed. It is undisputed that the Clerk's office for the District Court of the Virgin Islands, Division of St. Thomas and St. John, is open each weekday morning at 8:00 A.M., one-half hour before the sentencing hearing was set in this case. More importantly, the Government's informal "filing" fails to comply with specific directives issued by the district court which require filing with the Clerk of the Court, not courtroom deputies. The district court for several years had been concerned with the troublesome practice of lawyers informally "filing" documents with courtroom deputies or mailing them directly to the judge. Chief Judge Christian therefore issued a memorandum to members of the Bar in November 1974 requiring filing in the clerk's office because of the "critical importance for the court to know precisely when a document was filed." After the passage of the Speedy Trial Act, Judge Christian reiterated his concern in a June 1976 directive, in which he noted that observance of statutory time limits require "detailed docket entries of all documents filed." He took further measures for document control, requiring documents to be filed and time stamped in the office of the Clerk of the Court, and directing courtroom deputies not to accept and the Clerk to disregard, all documents not filed in accordance with the filing procedures outlined.
 
 
 16
 Although the district court moved with unusual haste in the sentencing in this case, the Government nevertheless could have complied with the directive by filing the information properly with the Clerk of the Court immediately prior to the sentencing in conformance with the district court's directive. Therefore, because the information was not filed before sentencing as required by V.I. Code Ann. tit. 14 § 62(a), we are constrained to hold that Chief Judge Christian's strict adherence to the filing directive by dismissing the information was not erroneous.
 
 
 17
 The order of the district court will be affirmed.
 
 JAMES HUNTER, III, Circuit Judge, concurring:
 
 18
 I concur in the majority's decision to affirm Chief Judge Christian's dismissal of the Habitual Criminal Information against Testamark on the grounds that it was not timely filed.
 
 
 19
 The government's claim that its Information was filed in a timely manner under the requirements of V.I. Code Ann. tit. 14 § 62(a) is based on the delivery of the Information to the courtroom deputy at the close of Testamark's trial on March 29, 1977. There was no attempt to present the papers to the Clerk's office the next morning between 8:00 a. m. when the office opened and 8:30 a. m., the scheduled time of the sentencing hearing.
 
 
 20
 In June of 1976, Chief Judge Christian, under his administrative authority over the Clerk's office, issued a directive to the members of the Virgin Islands Bar.[1] In that Directive he noted that two years previously he had issued a memorandum to the Bar stating that papers may not be filed with courtroom deputies. The last paragraph of the 1974 memorandum warned that if the procedures set forth were not complied with, the Chief Judge would direct the Clerk to reject improperly "filed" papers. The June 1976 Directive put this sanction into effect, and the Clerk was ordered to disregard papers which had not been filed in his office.
 
 
 21
 The government in this case did not comply with the Directive of the Chief Judge. Instead, the prosecutor merely handed the Habitual Criminal Information to the courtroom deputy in the courtroom. As a result, the papers were in fact not filed with the Clerk until April 19, 1977, almost three weeks late.
 
 
 22
 When Chief Judge Christian was first advised of the Habitual Criminal Information at the sentencing hearing, he in good faith believed that the matter was before him and orally dismissed the Information. When he later considered the matter as a result of the government's motion to correct Testamark's sentence, the judge stated that the Information had not been filed, apparently because the government did not follow the procedure necessary for a filing in the Clerk's office. With respect to his earlier dismissal of the Information the judge commented
 
 
 23
 That action on the Court's part may have been a nullity since there seems to have been no information properly before the Court.
 
 
 24
 In his final order, he ruled that the Information had not been filed in a timely manner and dismissed it.
 
 
 25
 The rule prescribing the proper place and method for filing an Information was clear and unambiguous. The government had the opportunity to file its Information properly but failed to do so. The need for compliance with the Directive's rule, as a part of the orderly administration of justice, is underscored by the events of this case. On this appeal, we affirm the Chief Judge's enforcement of the administrative procedures of his court.
 
 
 
 [1]
 V.I. Code Ann. tit. 14 § 61(a) reads:
 (a) Whoever, whether under the laws of the Virgin Islands, the United States or a state or territory thereof, or any other jurisdiction, has been twice convicted of an offense which would be a felony in the Virgin Islands, shall upon a subsequent conviction of a felony in the Virgin Islands be incarcerated for a term of imprisonment of not less than ten years and may be incarcerated for the remainder of his natural life. If the last conviction and at least one of the prior convictions is for a crime of violence, as defined in Title 23, section 451(e) of the code, imposition or execution of this minimum period of incarceration shall not be suspended, nor shall probation be granted; neither shall parole or any other form of release be granted for this minimum period of incarceration.
 
 
 [2]
 The defendant moved to dismiss the appeal on August 8, 1977. By order dated August 26, that motion was referred by the motions panel to the merits panel. The motion contends that appellants have no legal basis to appeal because the information was untimely filed. We disagree. V.I. Code Ann. tit. 4 § 39(c) (Cum.Supp.1975) allows Government appeal of any "order dismissing an information . . .." There is no restriction that appeals cannot be taken from a dismissal for a technical filing error, as here. We therefore deny the motion
 
 
 [3]
 The conviction was recently upheld by this court in Gov't of the Virgin Islands v. Testamark, 570 F.2d 1162 (3d Cir.1978)
 
 
 [4]
 The relevant provisions of section 62(a) provide:
 (a) No person who stands convicted of an offense under the laws of the Virgin Islands shall be sentenced to increased punishment by reason of one or more previous convictions, unless prior to sentencing, the United States Attorney or the Attorney General of the Virgin Islands, as the case may be, files an information with the Clerk of the Court and serves a copy of such information on the person or counsel for the person, stating in writing the previous convictions to be relied upon. . . . (Emphasis supplied.)
 
 
 [5]
 Section 62(d)(2) reads:
 (2) If the court determines that the person has not been convicted as alleged in the information, that a conviction alleged in the information is invalid, or that the person is otherwise not subject to an increased sentence as a matter of law, the court shall, at the request of the prosecutor, postpone sentence to allow an appeal from the determination. If no such request is made, the court shall impose sentence as provided by law. The person may appeal from an order postponing sentence as if sentence had been pronounced and a final judgment of conviction entered.
 
 
 [6]
 See n. 4, supra
 
 
 [7]
 We do not reach the question of the constitutionality of the Virgin Islands Habitual Criminal Act. We note, however, that the United States Supreme Court upheld the constitutionality of a very similar habitual criminal statute in West Virginia in Oyler v. Boles, 368 U.S. 448, 82 S.Ct. 501, 7 L.Ed.2d 446 (1962)
 
 
 [1]
 The directive states in part:
 A. Pleadings and other documents. Each and every document on a case must be filed with the Clerk of the Court. Upon being time-stamped by the receiving clerk, the document is to be placed on the in-basket of the docketing clerk. Once the docketing clerk has made the appropriate entry for a document on the corresponding docket, said document is then to be placed on the in-basket of the filing clerk. One person should be responsible for retrieving case records, filing the corresponding documents, and restoring case records to the case files.
 Courtroom deputies and other personnel are not to accept documents from attorneys and other persons except as set forth in the above procedure. On this matter, my November 21, 1974 memorandum to the Members of the Bar still holds. At that time, nearly two years ago, I issued the following directive:
 "More and more I find that members of the bar, instead of filing documents in the office of the clerk of the court, where they should be filed, insist on either handing them to the courtroom deputies or by mailing them directly to the judge. I must ask that you cease and desist from this practice immediately. Your taking this shortcut, if such it is, in no way helps to advance your case. From our standpoint, it results not only in confusion, but also in the mislaying of papers. Moreover documents reaching the court in the manner to which I am here objecting, more often than not do not bear the clerk's filing stamp. At times it has been of critical importance for the court to know precisely when a document was filed, and this is another reason why I ask that the practice be discontinued. I grant that at times you have been asked to send copies of briefs directly to the court, but at such times it is also expected that the original will be filed in the clerk's office.
 "I hope that I shall have your cooperation in this matter. Failing this, and if the practice persists, I shall have to instruct the clerk to disregard all such papers and consider them not filed with the court unless the proper channel is observed."
 Henceforth, the clerk will disregard all such papers and consider them not filed with the court unless the above procedure is followed and the documents are stamped with the clerk's filing stamp.