GOVERNMENT OF the VIRGIN
ISLANDS, Appellant,

v.

DAVID, Clement.

No. 84–3044.

United States Court of Appeals,
Third Circuit.

Argued April 26, 1984.

Decided Aug. 10, 1984.

James W. Diehm, U.S. Atty., Genevieve Holm (argued), Christiansted, St. Croix, V.I., Terry M. Halpern, Asst. U.S. Attys., Charlotte Amalie, St. Thomas, V.I., for appellant, Government of Virgin Islands.

Harold Monoson, Charlotte Amalie, St. Thomas, V.I., for appellee.

Before SEITZ, GARTH, and HIGGIN-BOTHAM, Circuit Judges.

## OPINION OF THE COURT

GARTH, Circuit Judge:

This appeal arises from a refusal by the District Court of the Virgin Islands to apply the enhanced sentence provision of the Habitual Criminal Information Act, 14 V.I.C. § 61(a) (Cum.Supp.1982) (mandating minimum ten-year prison sentence), in sentencing convicted felon Clement David. The Government appeals the dismissal of the information or, in the alternative, petitions for a writ of mandamus ordering re-sentencing. Because we find no basis for the district court's refusal to enforce the statute, we will reverse the judgment of

the district court and remand for further proceedings consistent with this opinion.[1]

## I.

Clement David was named in a four-count information filed on July 28, 1983, charging him with two counts of grand larceny (14 V.I.C. § 1083), burglary third degree (14 V.I.C. § 444 (Cum.Supp.1982)), and possession of stolen property (14 V.I.C. § 2101 (Cum.Supp.1982)). Following a jury trial on November 2, 1983, David was convicted of two counts of grand larceny and of burglary third degree.

On December 2, 1983, the Government filed a habitual criminal information pursuant to 14 V.I.C. §§ 61–62 (Cum.Supp.1982), informing the court that David had previously been convicted of a felony, attempted grand larceny, on June 23, 1982, in St. Thomas. A copy of this information was properly served on David. David was sentenced on December 7, 1983, at which time the Government brought to the Court's attention that the habitual criminal information had been properly filed and served and should be taken into consideration by the district court judge in sentencing David, according to the dictates of section 61(a).

The district court judge, however, dismissed the information, refused to postpone sentencing as requested by the prosecutor according to 14 V.I.C. § 62(d)(2), and then proceeded to sentence David to five years' imprisonment on each count, to be served concurrently. This timely appeal by the Government followed.

## II.

■ The first question we must address is whether this court has appellate jurisdiction. This court has previously held that "a statute authorizing appeal by the United

States authorizes appeal by the Government of the Virgin Islands," *Government of the Virgin Islands v. Christensen*, 673 F.2d 713, 717 (3d Cir.1982) (construing 18 U.S.C. § 3731 in particular), and section 3731 of Title 18 of the United States Code provides for appeals by the United States in criminal cases. Therefore, the Government has a right to appeal the decision of the district court in this case,[2] and we have jurisdiction to hear that appeal.

## III.

We next address the refusal of the district court to sentence David under the Habitual Criminal Information Act. Section 61(a) of Title 14 of the Virgin Islands Code provides, in relevant part:

> Whoever, whether under the laws of the Virgin Islands, the United States or a state or territory thereof, or any other jurisdiction, has been convicted of an offense which would be a felony in the Virgin Islands, shall upon a subsequent conviction of a felony in the Virgin Islands be incarcerated for a term of imprisonment of not less than ten years and may be incarcerated for the remainder of his natural life.

There is no doubt on this record that David was previously convicted of a felony in the Virgin Islands, and therefore falls squarely within the provisions of this statute. Nor does this record, unlike the record in *Government of the Virgin Islands v. Testamark*, 570 F.2d 482 (3d Cir. 1978), disclose any defect, deficiency, or procedural irregularity that exists with regard to the filing or service of the habitual criminal information. Yet, the district court judge dismissed the information at the time of sentencing, offering only the following explanation:

---

1. Given our disposition of this matter, we will deny the Government's petition for mandamus.

2. The Government would have us hold that 4 V.I.C. § 39(c) (Cum.Supp.1975), which allows Government appeal of any "order dismissing an information...." supplies the basis of appellate jurisdiction in this case. *See Government of the Virgin Islands v. Testamark*, 570 F.2d 482,

483 n. 2 (3d Cir.1978) (relying on section 39(c) in denying defendant's motion to dismiss the appeal). While we have serious doubts as to whether a provision of the Virgin Islands Code could confer appellate jurisdiction on this Court, we need not address that issue since we have concluded that a basis of jurisdiction exists in section 3731.

As I have told the government on repeated occasion, I believe that that law [Habitual Criminal Information Act] has been passed and haphazardly imposed.

I have asked the United States Attorneys to take the proper steps to have it decided by higher authority. They have not chosen to do so.

I understand that they have gone before Judge O'Brien ... who has upheld it, and it is now in summary before the circuit court.

Until the circuit court decides—I believe the haphazard rate [in which] the Attorney's General Office administers this—in the past three weeks we have had—the four weeks we have had between here and St. Croix two instances in which they undertake to file it [the information] and three instances in which they have plea bargained it away and the statute gives them no such authority, and I declined to enforce it, so the habitual information is dismissed.

\* \* \* \* \* \*

I don't think the U.S. Attorney has the authority [of] doing that [in a] haphazard manner without any rational basis to plea bargain when they want, to enforce it when they want, to avoid it completely when they want. Any statute that gives that much leeway to the U.S. Attorney's Office and any judgment [resulting therefrom] is impermissible, and I will not enforce it until the circuit court upholds it.

Gov't App. at 2–3. Apparently the district court judge was most disturbed by the Government's inconsistent administration of the habitual criminal statute, which the judge claimed resulted in the Government's oftentimes filing an information, and at other times not doing so, but rather using the Act as a tool in plea bargaining arrangements.[3] Although it is not entirely clear on what precise grounds, statutory or constitutional, the district court judge refused to comply with this statute, we conclude that the judge erred in so doing.

The statute itself, like virtually every federal criminal statute, speaks in seemingly mandatory language ("shall ... be incarcerated"), but this does not necessarily mean that the prosecutor is bound to invoke the statute in every case. As stated by the Supreme Court in *Oyler v. Boles*, 368 U.S. 448, 456, 82 S.Ct. 501, 505, 7 L.Ed.2d 446 (1961), "the conscious exercise of some selectivity in enforcement [of a statute] is not in itself a federal constitutional violation" so long as "the selection was [not] deliberately based upon an unjustifiable standard such as race, religion, or other arbitrary classification."

The Supreme Court relied on the *Oyler* case in *Bordenkircher v. Hayes*, 434 U.S. 357, 364, 98 S.Ct. 663, 668, 54 L.Ed.2d 604 (1978), in which it emphasized that "[i]n our system, so long as the prosecutor has probable cause to believe that the accused committed an offense defined by statute, the decision whether or not to prosecute, and what charge to file or bring before a grand jury, generally rests entirely in his discretion."

In *Oyler* the Supreme Court upheld the West Virginia habitual criminal statute against an equal protection attack; in *Bordenkircher* the Court upheld discretionary resort to the Kentucky Habitual Criminal Act (formerly Ky.Rev.Stat. § 431.190 (1973), repealed 1975). Thus, it is clear that, absent proof that the selective enforcement complained of was "deliberately based on an unjustifiable standard," a prosecutor has broad discretion with regard to

**3.** *In Government of the Virgin Islands v. Testamark*, 570 F.2d 482 (3d Cir.1978), the same district court judge refused to apply the enhanced sentence provision of the Habitual Criminal Information Act, claiming in his Memorandum Opinion which dismissed the Information, that it was unconstitutional on the grounds of arbitrary enforcement and vagueness. *Id.* at 484. The Order dismissing the Information, however, was based on untimely filing and this Court upheld the district court's determination because the filing of the Information did not meet the procedural requirements of the Act. *Id.* at 485. Just as *Testamark* did not reach the question of the constitutionality of the Virgin Islands Habitual Criminal Information Act, *id.* at 485 n. 7, so too, we do not reach that issue.

seeking to enforce a habitual criminal statute.

■ Nothing in this record suggests that either the judge or the defendant David charged the prosecutor with selective enforcement of the Virgin Islands habitual criminal act based on "race, religion, or other arbitrary classification."[4] Absent allegations of this nature, we can find no reason for a district court judge to refuse to apply this statute, which was properly enacted by the Virgin Islands legislature, once the prosecutor had properly filed and served an information against David under that statute.[5] We therefore hold that the district court's failure to follow the dictates of the Habitual Criminal Information Act constituted reversible error.

### IV.

Because the district court's failure to comply with the provisions of the Virgin Islands Habitual Criminal Information Act constituted reversible error, we will vacate the judgment below and remand this case for resentencing. In resentencing David, the district court should be guided by the principles and direction provided by our opinion in *Government of the Virgin Islands v. George*, 741 F.2d 643 (3rd Cir.1984), also decided this day.

---

**4.** David does refer to this issue in his Brief on Appeal, arguing that if he is to be resentenced, he would have the right to "engage in discovery" related to that very issue. We agree that, assuming such an argument would be meritorious on the facts of this case, nothing prohibits David from raising this argument at the time of resentencing.

**5.** Similarly, we hold that the district court judge erred in failing to comply with the prosecutor's request for a postponement of sentence to allow an appeal from the judge's determination. Section 62(d)(2) states: "[i]f the court determines

that the person ... is otherwise not subject to an increased sentence as a matter of law, the court *shall, at the request of the prosecutor, postpone sentence to allow an appeal from the determination.* [Emphasis added]" The prosecutor made a timely request for such a postponement, *see* Gov't App. 2, which the district court denied, responding: "I am going to sentence him: you can appeal." *Id.* The wisdom of the Virgin Islands legislature in providing for a postponement of sentence pending appeal is emphasized in light of our disposition.