

1997 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-8-1997

# Govt of V.I. v. Blake

Precedential or Non-Precedential:

Docket 96-7769

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_1997

Recommended Citation

"Govt of V.I. v. Blake" (1997). *1997 Decisions*. Paper 149.
http://digitalcommons.law.villanova.edu/thirdcircuit_1997/149

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 1997 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

Filed July 8, 1997

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 96-7769

GOVERNMENT OF THE VIRGIN ISLANDS,
Appellant

v.

ZACCHAEAS BLAKE; LEON NISBETT

On Appeal from the United States
District Court of the Virgin Islands,
Division of St. Croix
(D.C. Criminal Action No. 95-cr-00004)

Argued: April 8, 1997

Before: BECKER, ROTH and
WEIS, Circuit Judges

(Opinion Filed July 8, 1997)

Alva A. Swan
Acting Attorney General
Paul L. Gimenez
Solicitor General
Maureen Phelan Cormier
 (Argued)
Assistant Attorney General
Office of the Attorney General
 of the Virgin Islands
Department of Justice
48B-50 Kronprindsens Gade
Charlotte Amalie, St. Thomas
USVI, 00802

 Attorneys for Appellant

Harold W. Willocks, Esq. (Argued)
Chief Territorial Public Defender
1-B Estate Clifton Hill
Kingshill, St. Croix
USVI, 00850

Kathryn D. Slade, Esq.
Territorial Public Defender
46-47 Company Street
Christiansted, St. Croix
USVI

 Attorneys for Appellee Nisbett

Michael A. Joseph, Esq.
Suite 1
52A Company Street
Christiansted, St. Croix
USVI, 00820

 Attorney for Appellee Blake

**OPINION OF THE COURT**

ROTH, <u>Circuit Judge</u>:

2

This case requires us to interpret a Virgin Islands statute permitting the government to appeal, during a criminal trial, a ruling "involving a substantial and recurring question of law which requires appellate resolution." 4 V.I.C. § 39(d) (Supp. 1996-1997). During the trial of defendants Zacchaeas Blake and Leon Nisbett, who were charged with third degree assault and possession of a firearm during a crime of violence, the Territorial Court of the Virgin Islands excluded certain of the government's evidence. In order to challenge these evidentiary rulings, the government moved for, and the trial court granted, leave for an immediate appeal under 4 V.I.C. § 39(d). The District Court of the Virgin Islands, however, dismissed the appeal for lack of jurisdiction, reasoning that the issues presented on appeal did not come within the ambit of the statute. This appeal presents us with the question whether the trial court's rulings involve a "substantial and recurring question of law which requires appellate resolution" within the meaning of 4 V.I.C. § 39(d). Because we conclude that they do not, we affirm the district court's order and remand the case to the district court for remand to the territorial court.

## I. FACTS

According to the government, early in the morning of April 29, 1994, Wilson David and his four-year old son were driving home from David's sister's house. As they got out of their truck, four shots were fired at them. Neither was injured. David identified the man who fired the shots as Zacchaeas Blake and the man who accompanied him as Leon Nisbett, both of whom he knew previously. David's niece, who came out of David's apartment after hearing the gunfire, identified Blake as holding a gun and Nesbitt as sitting inside a maroon Honda. Blake allegedly asked David, before shooting, why David was "looking" at him. Nisbett and Blake were arrested and charged with four counts each of third degree assault under 14 V.I.C. §§ 297(2) and (3) (1996), and one count each of possession of a firearm during the commission of a crime of violence in violation of 14 V.I.C. § 2253(a) (1996).

3

On the morning of trial, the court asked to hear pretrial motions. The defense moved to exclude some photographs, apparently of the crime scene, that the government had produced for the first time that morning. After some discussion about the motion, but before ruling, the territorial court decided first to select a jury and then to consider the pretrial motions.

The judge selected the jury, had it sworn in, and then recessed for lunch. During the recess the court considered the motions. It first excluded the photographs on the grounds that they were not provided to the defendants before the morning of trial. Defendants also moved to exclude testimony by David, the complaining witness, that Blake "used to hang out with a guy that shot me[David] once." After inquiring whether the statement in question went to a possible motive by Blake for the alleged shooting, the court excluded the evidence because "the prejudice that it will form in the minds of this jury will outweigh the probative value." Nisbett then moved to exclude the introduction of certain physical evidence on the ground that it was not relevant. Blake moved to exclude the same evidence because the government had not produced it during discovery. The evidence -- a 9 millimeter live round, knife casings, a projectile, knives, and one billy club -- was found in the maroon Honda, which was registered in Joshua Blake's name, but the government had not charged that the evidence was used in the commission of the present offense. The court accordingly concluded that this evidence was "going to unduly prejudice this jury," and excluded it as to Nisbett. The court granted Blake's motion as well. Finally, the court excluded expert testimony by Officer Hitesman because the defense had requested the results of any scientific tests, and the government had identified none.

The government sought an immediate appeal under 4 V.I.C. § 39(d), which provides for appeals by the government during criminal trials if the government certifies that the appeal involves "a substantial and recurring question of law which requires appellate resolution." The court granted the motion and then declared a mistrial. It noted that the statute calls for adjournment of the trial but reasoned that

4

an appeal would last too long to keep the same jury. Counsel for Blake's attorney stated that he had no objection to declaring a mistrial. After the trial, the government submitted written certification, and on November 18, 1994, the court entered a written order that "the Government's Motion for Leave to Appeal from Interlocutory Rulings Suppressing Evidence is hereby GRANTED."

The district court dismissed the appeal for lack of jurisdiction. It reasoned that the case did not involve substantial and recurring questions of law and that the appeal was accordingly not permitted under 4 V.I.C. § 39. The court also noted that it "seriously questions whether a statute allowing the Government such an appeal during a criminal trial after jeopardy attached can withstand constitutional analysis." For these two reasons, and because of the "general bias" against interlocutory appeals in criminal cases, the district court concluded that the territorial court erred in giving leave to appeal under 4 V.I.C. § 39, and it dismissed the case. This appeal followed.

## II. JURISDICTION

Before exploring the specific jurisdictional question that this case presents, we outline the general jurisdictional framework for appeals from decisions of the district courts of the Virgin Islands.

Federal law provides that this Court has jurisdiction over "appeals from all final decisions of the district court on appeal from the courts established by local law." 48 U.S.C. § 1613a(c); see 28 U.S.C. § 1291. In this case, the decision of the district court was on appeal from a court established by local law; if that decision was "final," this Court has jurisdiction. In re Alison, 837 F.2d 619 (3d Cir. 1988), we considered a decision of the district court which reversed a territorial court's ruling that the plaintiff had failed to state a cause of action. The district court's order was not "final," because that order merely concluded that the plaintiff had stated a cause of action and remanded the case for further proceedings. See generally, Caitlin v. United States, 324 U.S. 229, 233 (1945); Quackenbush v. Allstate, 116 S.Ct. 1712, 1718-1719 (1996).

5

In this case, however, we are called upon only to decide the scope of the district court's own jurisdiction. The district court did not reach the merits of the dispute, and neither do we. Under these circumstances review is appropriate under the collateral order doctrine. See In re. Ford Motor Co., 110 F.3d 954, 959 (3d Cir. 1997). The Virgin Island's legislature explicitly permits appeals during criminal trials, thus the efficiency interests that animate the final judgment rule are not at work here. Id. at 959-961. Moreover, this issue is separable from the merits, was conclusively decided by the district court, is unreviewable on appeal, and involves an unresolved question of law -- the scope of § 39(d). The problems that generally accompany application of the collateral order doctrine in criminal cases, see, e.g. , United States v. McVeigh, 106 F.3d 325, 330 (10th Cir. 1997), are not at work here because we are applying a statute that itself calls for interlocutory appeals. See also, In re A.M., 34 F.3d 153, 156 (3d Cir. 1994) (applying the collateral order doctrine in a criminal case in which the district court decision affirmed a territorial court's order that a minor be transferred for prosecution as an adult).

The district court's jurisdiction over the appeal from the territorial court is derived from a federal law providing that the district courts of the Virgin Islands shall have "such appellate jurisdiction over the courts of the Virgin Islands as established by local law to the extent now or hereafter prescribed by local law." 48 U.S.C. § 1613a(a). Turning to the local law, the Virgin Islands Code, in a section entitled "Appellate jurisdiction," states that the "district court has appellate jurisdiction to review the judgments and orders of the territorial court. . .in all criminal cases in which the defendant has been convicted, other than on a plea of guilty." 4 V.I.C. § 33 (Supp. 1996-1997).

Section 33 would preclude an appeal to the district court in this case, because the defendant has not been convicted. The territorial court relied, however, on section 39 of the Virgin Islands Code, entitled "Appeals by the United States and the Government of the Virgin Islands." 4 V.I.C. § 39. Section 39 provides for appeals in situations where the defendant has not been convicted, but does not explicitly

6

mention to which court the appeal may be taken. We nonetheless conclude that, where applicable, § 39 does grant appellate jurisdiction to the district courts of the Virgin Islands. To conclude otherwise would seriously circumscribe the availability of an appeal under this section.[1] Moreover, before the enactment of § 39, § 33 included the sentence "appeals in criminal cases may be taken only by the defendant." This sentence was eliminated when § 39 was added to the Code. Act No. 3321, 1972 V.I. Sess. Laws 464, 464 (October 25, 1972). It was thus the obvious intent of the legislature to ensure that the district courts did have jurisdiction over appeals by the government if so permitted under § 39.

## III. A SUBSTANTIAL AND RECURRING QUESTION OF LAW

We now turn to the issue in this case -- whether this appeal to the district court was permissible pursuant to § 39. The section reads:

## § 39. **Appeals by the United States and the Government of the Virgin Islands**

(a)(1) The United States or the Government of the Virgin Islands may appeal an order, entered before the trial of a person charged with a criminal offense under the laws of the Virgin Islands, which directs the return of seized property, suppresses evidence, or otherwise denies the prosecutor the use of evidence at trial, if the United States Attorney or the Attorney General conducting the prosecution for such violation certifies to the Judge who granted such motion that the appeal

---

1. Under such a reading of § 39, appeals would be permitted in cases that were tried in the district court, but appeals would not be permitted to the district court from trials in the territorial court. See, Government of the Virgin Islands v. Testamark, 570 F.2d 482, 483 n.2 (3d Cir. 1978) (permitting an appeal from a trial in the district court under 4 V.I.C. § 39(c)), but see Government of the Virgin Islands v. David, 741 F.2d 653, 654 n.2 (3d Cir. 1984) (expressing doubt as to whether this provision of the Virgin Islands Code applies to appeals from trials in the district court). If the dicta in David is correct, § 39 would have no force whatsoever if it did not apply to trials in the territorial court.

is not taken for the purpose of delay and the evidence is a substantial proof of the charge pending against the defendant.

(2) A motion for the return of seized property or to suppress evidence shall be made before trial unless opportunity therefor did not exist or the defendant was not aware of the grounds for the motion.

(b) The United States or the Government of the Vir gin Islands may appeal a ruling made during the trial of a person charged with a criminal offense under the laws of the Virgin Islands which suppresses or otherwise denies the prosecutor the use of evidence on the ground that it was invalidly obtained, if the United States Attorney or the Attorney General conducting the prosecution for such violation certifies to the Judge who made the ruling that the appeal is not taken for the purpose of delay and that the evidence is a substantial proof of the charge being tried against the defendant. The trial court shall adjourn the trial until the appeal shall be resolved.

(c) The United States or the Government of the Vir gin Islands may appeal an order dismissing an information or otherwise terminating a prosecution in favor of a defendant or defendants as to one or more counts thereof, except where there is an acquittal on the merits.

(d) The United States or the Government of the  Virgin Islands may appeal any other ruling made during the trial of a person charged with an offense under the laws of the Virgin Islands which the United States Attorney or the Attorney General certifies as involving a substantial and recurring question of law which requires appellate resolution. Such an appeal may be taken only during trial and only with the leave of the court. The trial court shall adjourn the trial until the appeal shall be resolved.

(e) Any appeal taken pursuant to this section eith er before or during trial shall be expedited. If an appeal is taken pursuant to subsections (b) or (d) during  the

8

trial, the appellate court shall, to the extent practicable, give the appeal priority over all other pending appeals.

(f) Pending the prosecution and determination of a n appeal taken pursuant to this section, the defendant shall be detained or released in accordance with applicable law.

4 V.I.C. § 39 (emphasis added).

The territorial court gave the government leave to appeal under subsection (d), without considering on the record whether an appeal of its rulings would involve "a substantial and recurring question of law which requires appellate resolution." The Virgin Islands Attorney General certified that the evidentiary rulings did involve such a question. The district court disagreed and dismissed the case for lack of jurisdiction. We exercise plenary review over whether the territorial court's evidentiary rulings presented a "substantial and recurring question of law" because this is an issue of statutory interpretation, Christian v. Joseph, 15 F.3d 296, 297 (3d Cir. 1994), and because it involves the jurisdiction of the federal courts. Government of the Virgin Islands v. Warner, 48 F.3d 688, 691 (3d Cir. 1995).2

In interpreting § 39(d), familiar canons of statutory interpretation direct that we begin with the text of the statute. Hartford Acc. & Indem. Co. v. Sharp, 87 F.3d 89, 92 (3d Cir. 1996) (citations omitted). We are mindful that in considering subsection (d), we must look to the entirety of § 39 because the text of the statute "is to be read as a whole. . . .since the meaning of statutory language, plain, or

---

2. Although the statute is not clear, we believe that § 39(d) requires that the court review the certification that there exists a "substantial and recurring question of law requiring appellate resolution." If the issue did present a "substantial and recurring question of law requiring appellate resolution," the territorial court's decision to grant leave to appeal would be reviewed by us only for an abuse of discretion. We would apply this standard of review because the statute vests the trial court with the discretion to grant or deny leave to appeal, presumably based on its familiarity with the course of the litigation. See United States v. Criden, 648 F.2d 814, 817-818 (3d Cir. 1981) (where trial court has a "superior vantage point" from which to resolve the question, its decision "merits a high degree of insulation for appellate revision").

not, depends on context." Hudson United Bank v. Chase Manhattan Bank of Conn., 43 F.3d 843, 848 n.11 (3d Cir. 1994 ) (quoting King v. St. Vincent's Hosp., 502 U.S. 215, 221 (1991) (further citation omitted)). This is consistent with Virgin Islands law which provides that in interpreting its statutes "words and phrases" must be read "with their context" and "construed according to the common and approved usage of the English language." 4 V.I.C. § 42 (1921). Terms that are "technical" or that have "acquired a peculiar and appropriate meaning in the law," are to be "construed and understood according to their peculiar and appropriate meaning." Id.

None of the terms in the phrase "substantial and recurring question of law which requires appellate resolution" are defined by the statute. The term "question of law" does, however, at least in one sense, have a particular meaning in the law, where questions of law are distinguished from questions of fact. We thus understand a "question of law" as something other than a question of fact. Virgin Islands statutes on the books before the enactment of § 39 confirm this reading. Title 30, section 35, of the Virgin Islands Code, governing public utilities, for example, distinguishes between "questions of law" and "findings of fact" in appeals from the findings of the Commission. 30 V.I.C. § 35. Although this helps frame our inquiry, it by no means ends it. As many courts have remarked, distinguishing questions of fact from those of law is often no simple task. Thompson v. Keohane, 116 S.Ct. 457, 464 n.10 (1995) (collecting cases).

The rulings at issue in this case were made under Fed. R. Evid. 403 and Fed. R. Civ. Proc. 16. There is no question that these rules applied to this case, that the court used the correct standard in applying the rules,3 and that the district court ordered relief specifically contemplated by both rules -- exclusion of the evidence. Under these circumstances, trial court orders made pursuant to these

_____

3. The government has suggested that the territorial court acted with an improper motive when it excluded the evidence. For the reasons set forth infra note 5, we reject this characterization of the issues presented by this appeal.

10

two rules lie entirely within the court's discretion and are only reviewed for an abuse of that discretion. Abrams v. Lightolier, Inc., 50 F.3d 1204, 1213 (3d Cir. 1995); United States v. Adams, 759 F.2d 1099, 1111 (3d Cir. 1985); see also, 25 Moore's Federal Practice, § 616.02[4][e] (Matthew Bender 3d ed. 1997). Indeed, "if judicial restraint is ever desirable it is when a Rule 403 analysis of a trial court is reviewed by an appellate tribunal." United States v. Balter, 91 F.3d 427, 442 (3d Cir.) (quoting United States v. Scarfo, 850 F.2d 1015, 1019 (3d Cir. 1988)), cert. denied, 117 S.Ct. 517 (1996). This is so in large part because the trial court sits in a unique position to evaluate the evidentiary and discovery questions, including the selection of sanctions, which suggests that the application of these rules in a particular case is unlikely to involve "substantial" or "recurring" "questions of law."

The issues presented here confirms this conclusion. Application of Fed. R. Crim. P. 16 involved determining what discovery the district court had ordered; whether, when, and to what extent the government had complied with such orders; the importance of compliance to the case; and the appropriateness of various sanctions. Similarly, the orders made under Fed. R. Civ. P. 403 required the court to determine the purpose of the evidence, its value to the government, and its potential prejudice to the defendant in the context of the other evidence that the parties would introduce. Because these inquiries hinged almost entirely on the facts of this particular case, we conclude that the trial court's rulings presented no "substantial" question of law. For the same reason, any questions of law that the rulings raise are not "recurring"-- this case has unfolded in a unique way, and the evidentiary and discovery rulings from which appeal is sought present questions that are specific to this case.

In its post-argument brief, the government characterizes the question for review as "where the defendant has not been prejudiced, does a trial court have the power under Rule 16(d)(2)4 to, in effect, dismiss a serious criminal

---

4. It is unclear whether the government, by asserting that this is the question on appeal, was abandoning its argument that the Rule 403 rulings were appealable under the statute. Because the government made no explicit concession and because their earlier briefs argue that the Rule 403 rulings were appealable, we nonetheless considered this question.

11

charge as a sanction for discovery violations?"[5] But defendants have not conceded, and the trial court did not find, that the "defendants have not been prejudiced" and that excluding the evidence in this case was "in effect, dismiss[ing]" the charges against the defendants. Indeed, the trial court was clearly concerned with prejudice when it stated, with reference to the physical evidence that "what if after seeing this billy club he wanted to hire an expert witness? He wouldn't be able to because at the last minute you are springing on him at least six items." As to the assertion that the exclusion of the evidence was equivalent to "dismissing" the case, both the victim and his niece identified the defendants, who were known to them previously. Indeed, Blake's attorney stated at trial that this is what he thought the whole case was about -- the testimony of the government's witnesses versus that of the defendants. Because the victim, who witnessed the crime, and his niece, who saw the scene immediately after shots were fired, were both prepared to identify the defendants as

---

5. The government formulated the question differently in its first brief to this court: "to what extent may a trial court penalize the Government for the carelessness or confusion of an individual prosecutor?" At oral argument two other versions of the this question were offered by the government: "the propriety of the sanction in this case," and "whether or not, simply because the trial court is annoyed with counsel, whether she can effectively gut the government's entire case?" These questions incorrectly characterize the issue presented by this appeal. The trial court excluded evidence under Rule 403 because it was not sufficiently probative in light of the unfair prejudice it could cause. Evidence was excluded under Rule 16 because the government failed to comply with the court's discovery orders. Although the discovery sanctions may penalize the government for the "carelessness and confusion" of one prosecutor who failed to follow discovery rules, this is entirely appropriate under Rule 16. Moreover, we do not read the transcript to suggest that the judge ruled as she did because she was "annoyed," instead the record shows that she ruled after considering the appropriate factors under the rules in question. Finally, the government never stated to the trial court that this was the issue for which it sought review; we thus have no reason to think that this was the issue which the trial court gave the government leave to appeal. Appeals under § 39(d) require leave from the trial court.

12

the perpetrators, the characterization of the exclusion of the evidence as a "dismissal" is entirely without merit.6

The balance of the statute also supports our conclusion that the Virgin Islands legislature did not intend to permit this appeal when it enacted the statute. Subsections (b) and (d) of § 39 provide the circumstances under which the government may appeal a ruling made during trial. Under (b) the government may appeal rulings made during trial that exclude government evidence "on the ground that it was invalidly obtained." 4 V.I.C. § 39(b). The government must certify, however, that "the evidence is a substantial proof of the charge being tried against the defendant." Id.

Subsection (d) works the same way. It begins, however, with a broader set of rulings. Under it the government may appeal "any other ruling made during trial." This is limited, however, by the language that requires government certification that the ruling involve "a substantial and recurring question of law that requires appellate resolution." 4 V.I.C. § 39(d). Thus while subsection (b) is concerned with the importance of the evidence to the trial at hand, different concerns animate subsection (d). It is focused not on the role that the evidence plays in the specific trial but instead with the importance of the legal question that the trial court's ruling presents. This intent is made clear with the terms "substantial" and "recurring" which modify the phrase "question of law." Thus it is not enough, under subsection (d) that the ruling excluded evidence that was important to the government's case-- the ruling must also present a question of law that has import in other cases as well. There is no issue on appeal which meets this standard.

IV. CONCLUSION

For the reasons stated above, we will affirm the order of

_____

6. For this reason we also reject the government's argument that an appeal lies under 48 U.S.C. § 1493(a). Nor was an appeal available under subsection (b) because the order of trial court was made "after the defendant had been put in jeopardy." 48 U.S.C.§ 1493(b). See also, 18 U.S.C. § 3731.

13

the district court, dismissing the appeal for lack of jurisdiction, and remand this case to the district court for remand to the territorial court.7

A True Copy:
Teste:

<u>Clerk of the United States Court of Appeals</u>
<u>for the Third Circuit</u>

_____

7. Because the issue of double jeopardy was not fully briefed to us, we will not in this appeal decide whether double jeopardy bars retrial of the defendants.

14