**Austin JACOBS,**

v.

**GOVERNMENT OF THE VIRGIN ISLANDS, Appellant.**

**No. 02–1135.**

United States Court of Appeals, Third Circuit.

Argued Nov. 8, 2002.

Decided Dec. 12, 2002.

---

Richard S. Davis (Argued), Assistant Attorney General, Department of Justice, St. Thomas, V.I., for Appellant.

Nizar Abdullah (Argued), Harold W. Willocks, Territorial Public Defender, St. Thomas, V.I., for Appellee.

Before SCIRICA, ALITO, and RENDELL, Circuit Judges.

## OPINION OF THE COURT

PER CURIAM.

Because we write for the parties only, the background of the case need not be set out. We affirm the decision of the District Court, which affirmed both the Territorial Court's exclusion of the proffered expert testimony and its subsequent dismissal with prejudice.

Under *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 592–93, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993), a trial judge must exercise a gatekeeping role under Rule 702 of the Federal Rules of Evidence, determining whether, as a threshold matter, the "reasoning or methodology underlying [expert] testimony is scientifically valid and ... whether that reasoning or methodology properly can be applied to the facts in issue." *Id.* As the Government intended to present the testimony of a fingerprint identification expert in the instant case, the Government bore the burden of convincing the District Court that the methodology of its expert was reliable and could be appropriately applied to the facts at issue. *Id.* at 593 n. 10, 113 S.Ct. 2786. In this case, the government did not do so. Nothing in the record or in the arguments made on appeal sug-gests that the fingerprint examiner involved in this case did not use acceptable methodology. But the record before the trial judge lacks sufficient evidence to permit us to disturb the trial judge's ruling that the government did not bear its burden on this element. Although the government could have satisfied its burden by providing minimal additional information, it did not do so. Therefore, we conclude that the Territorial Court did not abuse its discretion by excluding the proposed expert

After the Territorial Court ruled on the defendant's motion to exclude the fingerprint evidence, the court asked the prosecutor whether the government was able to proceed without the benefit of that evidence. In response, the prosecutor conceded that the government had no further evidence, and the court, with the prosecutor's acquiescence, dismissed the case with prejudice on the understanding that the government would appeal the exclusion of the proposed expert testimony.

To the extent that the dismissal in the Territorial Court was based on the government's failure to comply with Rule 16, the dismissal appears to have been in error. Rule 16(d)(2) of the Federal Rules of Criminal Procedure states that where a party fails to disclose sufficient information related to proposed expert testimony, the court "may order such party to permit discovery or inspection, grant a continuance, or prohibit the party from introducing evidence not disclosed, or it may *enter such other order as it deems just under the circumstances.*" Id. (emphasis added). A trial court should, however, "impose the least severe sanction that will accomplish prompt and full compliance with the discovery order." *United States v. Ivy*, 83 F.3d 1266, 1280 (10th Cir.1996). The Ter-

ritorial Court did not discuss what would be just under the circumstances, nor does it appear to have considered any lesser sanction, such as a grant of a continuance, that likely would have effectively cured any prejudice against the defendant in this instance.

Likewise, the Federal Rules of Criminal Procedure do not authorize dismissal with prejudice prior to trial on grounds of insufficient evidence. In this instance, the jury should have been sworn, and the prosecution should have proceeded in the usual manner where no evidence is proffered.

In spite of these errors, we affirm the dismissal with prejudice because the prosecution acquiesced in the dismissal, and no practical purpose would be served by reversing and remanding for correction of the error.