**GOVERNMENT OF THE VIRGIN ISLANDS, Appellant,**

v.

**Kahli UBILES, Jeffrey Roberts, Jason Roberts, and Albert Douglas, Appellees.**

Nos. 2000–502, 2000–503, 2000–504, 2000–506.

District Court, Virgin Islands, Appellate Division. D. St. Thomas.

May 3, 2004.

Maureen Phelan, Assistant Attorney General, V.I. Department of Justice, St. Thomas, VI, for Appellant.

Pedro K. Williams, Esq., Law Offices of Frazer & Williams, St. Thomas, VI, for Appellee Kahli Ubiles.

Leigh F. Goldman, Esq., Smock Law Offices, St. Thomas, VI, for Appellee Albert Douglas.

Debra S. Watlington, Territorial Public Defender, St. Thomas, VI, for Appellee Jeffrey Roberts.

Before: RAYMOND L. FINCH, Chief Judge of the District Court of the Virgin Islands; THOMAS K. MOORE, Judge of the District Court of the Virgin Islands; and PATRICIA D. STEELE, Judge of the Territorial Court, Division of St. Croix, sitting by designation.

## MEMORANDUM

PER CURIAM.

### I. SUMMARY

The government has appealed the trial judge's decision to dismiss, with prejudice, the charges against the defendants as a sanction for the government's violation of a discovery deadline. For the reasons set forth below, we hold a less severe sanction should have been imposed and vacate the trial court's dismissal.

### II. FACTUAL AND PROCEDURAL BACKGROUND

On November 11, 1999, the defendants were traveling in a motor vehicle that was stopped after Virgin Islands Police Officers allegedly observed that the driver of vehicle was not wearing a seat belt. (Appellant Br. at 8.) Upon stopping the vehicle, the officers on the scene allegedly smelled a strong odor of marijuana and, after ordering the defendants out of the vehicle, noticed a knife handle sticking out from under the front passenger seat. (*Id.*) When one of the officers reached under the seat, he found a bag containing a handgun with an obliterated serial number. (*Id.*) The defendants were placed under arrest and, on December 1, 1999, charged by information with possession of a firearm in violation of 23 V.I.C. § 451(d).[1] (Appellee App. at 1.) The defendants entered not guilty pleas on December 2,

---

1. On July 6, 2000, the Territorial Court granted the government's motion to amend the information to include a charge of possession of a firearm with an obliterated serial number in violation of 23 V.I.C. § 481. (J.A. at 1–2.)

1999, and the trial judge set a discovery deadline of January 7, 2000. (*Id.* at 4.)

On July 7, 2000, six months after the trial court's discovery deadline and three days before jury selection was scheduled to begin, the government produced supplemental discovery to the defendants. (J.A. at 48; Douglas Br. at 2.) In this supplemental discovery, the government disclosed for the first time that a forensics test had determined the firearm was operable, but the government did not produce the report of the forensics expert in this untimely disclosure. (J.A. at 48.) On July 10, 2000, the parties came before the Territorial Court for a pre-trial conference and for jury selection. Counsel for appellee Albert Douglas informed the trial judge that he had not received the forensics report and requested that the trial judge continue the trial until a later date, disallow admission of evidence related to the report, or dismiss the case with prejudice. (*Id.* at 48, 55, 68, 89.) Rejecting these requests, the trial judge instead insisted that the trial would not be delayed and suggested several individuals who would be able to test the weapon for the defense attorneys that afternoon. (*Id.* at 49–52.)

During this discussion, the attorney for the government claimed he had been trying to get the report for months but had only obtained it in the last week because Police Department officials were previously unwilling to enter the building where the report was stored as it had been declared unsafe due to asbestos contamination. (J.A. at 61–63; Appellant Br. at 13.) The government's attorney then distributed the report to the defendants and the trial judge. (J.A. at 62.) After reviewing the report, the trial judge noted that it was dated November 12, 1999, and ruled that it would not be admissible at trial given the length of time it had been in the government's possession.[2] (*Id.* at 62, 67–68, 72–73.) The government then moved for a dismissal without prejudice, whereas the defendants requested a dismissal with prejudice. (*Id.* at 74, 89.) The trial judge ruled from the bench that he would dismiss the case, but reserved judgment on whether the dismissal would be with or without prejudice. (*Id.* at 90.) On August 4, 2000, the trial judge entered an amended order of dismissal, specifying that the case was dismissed with prejudice as a sanction against the government for its failure to abide by the court's discovery deadlines and for its history of dilatory tactics. (*Id.* at 4–5.)

## III. ANALYSIS

### A. Jurisdiction and Standards of Review

■■■ This Court has jurisdiction to review Territorial Court orders terminating a prosecution in a defendant's favor, except where there is an acquittal on the merits. *See* 4 V.I.C. § 39(c); Section 23A of the Revised Organic Act.[3] The appellate court accords plenary review to the trial court's interpretation of legal precepts; however, factual findings are reviewed for

---

**2.** The government argued at the pre-trial hearing that the report had not been in its possession since November 12, 1999 because the Virgin Islands Police department held it in storage and would not or could not retrieve it. (J.A. at 61, 63.) The trial judge rejected this argument, after explaining to the government's attorneys that the Police Department was part of the executive branch and, consequently, any documents held by the Police Department would be considered in the possession of the attorneys employed by the government. (J.A. 69–70.)

**3.** Revised Organic Act of 1954, § 23A, 48 U.S.C. § 1614, *reprinted in* V.I. CODE ANN., Historical Documents, Organic Acts, and U.S. Constitution at 159–60 (1995) (preceding V.I. CODE ANN. tit. 1).

clear error. *Id.; see Poleon v. Government of the V.I.*, 184 F.Supp.2d 428 (D.V.I. 2002). A trial judge's decision to dismiss with prejudice as a sanction for failure to abide by discovery orders will only be reversed for abuse of discretion. *See Gov't of the Virgin Islands v. Blake*, 118 F.3d 972, 977 (3d Cir.1997); *United States v. Maples*, 60 F.3d 244, 246 (6th Cir.1995).

## B. It Was An Abuse of Discretion to Dismiss With Prejudice

■■■ After noting "the Government's history of dilatory tactics, and its severe abuse of the January, 2000 discovery deadline," the trial judge's August 4, 2000 amended order dismissed the case with prejudice as a sanction against the government. Rule 16(d)(2) of the Federal Rules of Criminal Procedure allows trial courts to impose sanctions for discovery violations in criminal cases.[4] It provides:

> if a party fails to comply with this rule, the court may order that party to permit the discovery or inspection; specify its time, place, and manner; and prescribe other just terms and conditions; (b) grant a continuance; (c) prohibit the

party from introducing the undisclosed evidence; (d) or enter any other order that is just under the circumstance.

We found no precedential opinion of the Third Circuit Court of Appeals providing clear guidance or standards regarding the imposition of sanctions under Rule 16(d)(2).[5] Courts of Appeals in other Circuits, however, have identified the following factors for consideration in determining the appropriate sanction under Rule 16(d)(2) for noncompliance with a discovery order: (1) the reasons for the government's delay in producing the requested materials, including whether or not the government acted in bad faith when it failed to comply with the discovery order; (2) the extent of prejudice to the defendant as a result of the government's delay; and (3) the feasibility of curing the prejudice with a continuance.[6] *See, e.g., United States v. Wicker*, 848 F.2d 1059, 1061 (10th Cir.1988); *United States v. Euceda–Hernandez*, 768 F.2d 1307, 1312 (11th Cir. 1985).

Following this framework, we find that the trial judge abused his discretion in imposing the most severe sanction, dis-

---

4. The Federal Rules of Criminal Procedure are applicable to the Territorial Court pursuant to Rule 7 of the Rules of the Territorial Court. *See* Terr. Ct. R. 7 ("The practice and procedure in the Territorial Court shall be governed by the Rules of the Territorial Court and, to the extent not inconsistent therewith, by the ... Federal Rules of Criminal Procedure ....").

5. In a non-precedential opinion, the Third Circuit Court of Appeals instructed that, when imposing sanctions under Rule 16(d)(2), "a trial court should ... 'impose the least severe sanction that will accomplish prompt and full compliance with the discovery order.'" *Jacobs v. Gov't of the Virgin Islands*, 53 Fed. Appx. 651, 652 (3d Cir.2002) (quoting *United States v. Ivy*, 83 F.3d 1266, 1280 (10th Cir. 1996)).

6. This case does not involve analysis under *Brady v. Maryland*, as the forensic report that

the government failed to disclose was inculpatory. 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). A recent decision of this Appellate Division involving a *Brady* analysis informs our decision here, however. *See Gov't of the Virgin Islands v. Fahie*, 304 F.Supp.2d 669 (D.V.I.App.Div.2004). In *Fahie*, the government failed to disclose to the defense prior to trial a weapon trace report that tended to exculpate the defendant. *Id.* at 671–72. The trial judge ruled that the failure to disclose the information was a violation of Rule 16 and dismissed the case with prejudice. *Id.* at 672. On appeal, we agreed with the trial court that the government had committed a *Brady* violation, but ruled that dismissal with prejudice was not the proper remedy, as "the Territorial Court easily could have granted a mistrial or a short continuance, or pursued avenues other than dismissal." *Id.* at 677.

missal with prejudice.[7] The government's delay in turning over the forensics report was caused not by bad faith, but instead its inability or unwillingness to coordinate with the Police Department in retrieving the report from a condemned storage room. Moreover, it is not clear that the defendants were even prejudiced by the government's delay in turning over the report, as the trial judge initially suggested they could have the gun tested that afternoon and proceed with trial the following day as scheduled.[8] (J.A. at 49–52.) Assuming, solely for the sake of argument, that the defendants were prejudiced, this prejudice could have been cured by a less severe sanction, such as by disallowing evidence of the report at trial or granting a brief continuance.

As this Appellate Division noted in a recent case where the government failed to disclose *exculpatory*, rather that *inculpatory*, evidence prior to trial, "a just remedy for a discovery violation under the circumstances of this case would have been … a continuance for the defendant to investigate and update his strategy," rather than a dismissal with prejudice. *Government of the Virgin Islands v. Fahie*, 304 F.Supp.2d 669, 677 (D.V.I.App.Div.2004).

## IV. CONCLUSION

As the government's violation of the trial judge's discovery order could have been remedied by granting a continuance or some other sanction short of dismissing the case with prejudice, we hold the trial judge abused his discretion. Accordingly, we will vacate the order of dismissal and remand the case to Territorial Court for further proceedings consistent with this opinion.

## ORDER

**AND NOW**, this 5th day of May, 2004, having considered the parties' submissions and arguments, and for the reasons set forth in the accompanying memorandum of even date, it is hereby

**ORDERED** that the trial judge's order of dismissal with prejudice is **vacated**; it is further

**ORDERED** that this case is remanded to the Territorial Court for proceedings consistent with this Court's decision.

---

7. These three factors should merely guide the trial court in its consideration of sanctions; they are not intended to completely dictate the bounds of the court's discretion. "[I]t is neither necessary nor appropriate for us to attempt to draft a comprehensive set of standards to guide the exercise of discretion in every possible case." *Taylor v. Illinois*, 484

U.S. 400, 414, 108 S.Ct. 646, 98 L.Ed.2d 798 (1988) (rejecting argument that preclusion is never a permissible sanction).

8. The trial judge made no explicit finding that the defendants were prejudiced by the government's untimely production of the forensics report.