## IN THE SUPERIOR COURT OF THE VIRGIN ISLANDS
## DIVISION OF ST. THOMAS AND ST. JOHN

PEOPLE OF THE VIRGIN ISLANDS, )
                                     )
                            Plaintiff, )        **Case No. ST-16-CR-377**
      vs. )
                                       )
TRESON STEPHENS, )
                                     )
                        Defendant. )
_____ )

2020 VI Super 7U

## <u>MEMORANDUM OPINION</u>

¶1    **THIS MATTER** is before the Court on Plaintiff People of the Virgin Island's (the "People") Motion to Dismiss without Prejudice ("Motion to Dismiss") filed on March 22, 2019. The motion is fully briefed. For the reasons set forth herein, the People's Motion to Dismiss without prejudice will be denied to the extent they seek dismissal without prejudice, as the matter will be dismissed with prejudice.

### I. Facts

¶2    Defendant Treson Stephens is charged with first degree murder, 14 V.I.C. §§ 921, 922(a)(1) and 14 V.I.C. § 11(a), unauthorized use of a firearm during the commission of a first degree murder, 23 V.I.C. § 451(d), 23 V.I.C. § 451(e), 14 V.I.C. § 2253(a) and 14 V.I.C. § 11(a), first degree assault, 14 V.I.C. § 295(1) and 14 V.I.C. § 11(a), unauthorized use of a firearm during the commission of a first degree assault, 23 V.I.C. § 451(d), 23 V.I.C. § 451(e), 14 V.I.C. § 2253(a) and 14 V.I.C. § 11(a), two

counts of third degree assault, 14 V.I.C. § 297(a)(2) and 14 V.I.C. § 11(a), two counts of unauthorized use of a firearm during the commission of a third degree assault, 23 V.I.C. § 451(d), 23 V.I.C. § 451(e), 14 V.I.C. § 2253(a) and 14 V.I.C. § 11(a), using a deadly weapon, 14 V.I.C. § 621(2) and 14 V.I.C. § 11(a), and reckless endangerment in the first degree, 14 V.I.C. § 625(a) and 14 V.I.C. § 11(a), in the shooting death of Shacoi Benjamin on October 19, 2014.[1]

¶3 Stephens was arrested in Tennessee on November 18, 2016. He waived extradition and was advised of his rights on December 12, 2016 and arraigned on January 5, 2017. The original Scheduling Order scheduled jury selection for November 13, 2017, but it was moved to October 23, 2017 after a judge reassignment. The People sought and received multiple continuances, which included moving the trial from January 2018 to May 2018 to September 2018 to November 2018.

¶4 The People's sole witness that implicates Stephens' participation in the murder of Benjamin ("Witness #1") has remained undisclosed during the duration of court proceedings. Although Stephens requested the People identify Witness #1 beginning February 6, 2017, the Court agreed with the People, in an order entered May 31, 2018, that the People have the privilege to withhold a witness' name to protect the witness. Therefore, to balance the People's privilege and Stephens' "ability to prepare an adequate defense", the Court ordered the People to disclose Witness #1's identity no later than seven calendar days before trial.

---

[1] Stephens had two co-defendants. Both co-defendants accepted plea offers prior to March 22, 2019. Thus, Stephens was the only defendant still scheduled for trial.

¶5     As of March 18, 2019, jury selection was scheduled for Friday, March 22, 2019, with trial to begin on Monday, March 25, 2019. Therefore, the deadline for the People to disclose the identity of Witness #1 was March 18, 2019. The People failed to disclose the identity of Witness #1. The People also failed to move for any extension of the deadline or otherwise request that the Court allow the People to withhold the identity of the witness for longer. On the morning of March 21, 2019, Stephens filed a motion to dismiss the case with prejudice, or in the alternative, to exclude Witness #1 from testifying at trial since the People had not disclosed the identity of Witness #1. During the Pretrial Conference on March 21, 2019, the People orally requested that jury selection be continued to March 25, 2019, with trial to start immediately after, and for Witness #1's identity to be disclosed on March 25, 2019 due to alleged threats directed at the witness. The Court granted the People's request for a continuance despite Stephens' objections. Additionally, the Court denied Stephens' motion to dismiss with prejudice, finding that it was too severe a sanction. However, the Court ruled that the appropriate sanction was to bar Witness #1 from testifying at trial. After this ruling, the People filed a motion to dismiss without prejudice. Stephens filed an opposition to the People's Motion to Dismiss without Prejudice, arguing that fundamental fairness dictates the matter be dismissed with prejudice because otherwise the People would be rewarded for not

abiding by the Court's orders. The trial date was canceled, and the Court now decides whether the case should be dismissed with or without prejudice.[2]

## II. Legal Standard

¶6    In deciding whether the People's Motion to Dismiss should be granted with or without prejudice, the Court considers relevant portions of the Virgin Islands Rules of Criminal Procedure, below, and case law.

**V.I. R. CRIM. P. 48(a)**

(a) **By the Government.** The government may file a dismissal or nolle prosequi of an information. Such a dismissal is without prejudice unless otherwise stated.

## III. Discussion

¶7    The issue before this Court is whether the People's Motion to Dismiss should be granted with or without prejudice. Although the default view is to dismiss without prejudice motions initiated by the People, the dismissal power of the People is not absolute. *See Phillip v. People*, 58 V.I. 569, 599-602 (V.I. 2013); *People v. Sealey*, Case No. SX-11-CR-883, 2014 V.I. LEXIS 75, at *1, *4 (V.I. Super. Ct. Sept. 15, 2014) (unpublished).

---

[2] Upon cancellation of the trial date, and in consideration of the People's motion to dismiss, Stephens was released from custody on an unsecured bond.

¶8 In *Phillip v. People*, the Supreme Court of the Virgin Islands discussed circumstances that would make it appropriate to grant, with prejudice, a government's motion to dismiss:

> Pursuant to [Federal Rules of Criminal Procedure 48(a)], the trial court may deny a motion to dismiss, or may grant the dismissal but with prejudice only, to protect a defendant from harassment by a prosecutor acting in bad faith, to protect "the public interest in the fair administration of criminal justice and ... to preserve the integrity of the courts. ... [Consequently,] [a] court is generally required to grant a prosecutor's Rule 48(a) motion to dismiss unless dismissal is 'clearly contrary to manifest public interest.' "

*Phillip*, 58 V.I. at 599 (alterations in original) (citations omitted) (quoting *United States v. Carrigan*, 778 F.2d 1454, 1463 (10th Cir. 1985)). The court in *Phillip* also stated that "the trial court should refuse to grant the People's dismissal request only in the 'rarest' of cases, for it is the People who are presumed to be the best judge of where the public interest lies with respect to criminal prosecution." *Id.* at 599, 600 (citing *In re Richards*, 213 F.3d 773, 786 (3d Cir. 2000) ("[F]ew subjects are less adapted to judicial review than the exercise by the Executive of his discretion in deciding when and whether to institute criminal proceedings, or what precise charge shall be made, or whether to dismiss a proceeding once brought" (quoting *Newman v. United States*, 382 F.2d 479, 480 (D.C. Cir. 1967) (Burger, J.))).

¶9 According to the court in *Phillip*, there was "no indication that the People were acting in bad faith, or were attempting to harass the defendant" because the People "did not dismiss the case for altogether no reason, nor did they appear to gain any

real tactical advantage that they would not have otherwise had if the court had been able to reschedule the trial date." *Id.* at 601 (citations omitted). The court explained that it would "not presume bad faith" where "none [was] apparent from the record." *Id.* (first citing *Rinaldi v. United States*, 434 U.S. 22, 30 (1977); then citing *United States v. Jacobo-Zavala*, 241 F.3d 1009, 1012 (8th Cir. 2001); and then citing *United States v. Salinas*, 693 F.2d 348, 352 (5th Cir. 1982)).

¶10 The Court notes that *Phillip* was interpreted using FED. R. CRIM. P. 48(a), and that this rule and V.I. R. CRIM. P. 48(a) are not identical. Specifically, FED. R. CRIM. P. 48(a) states, in relevant part, "[t]he government may, with leave of court, dismiss an indictment, information, or complaint," while V.I. R. CRIM. P. 48(a) states, in relevant part, "[t]he government may file a dismissal or nolle prosequi of an information. Such a dismissal is without prejudice unless otherwise stated." However, the Court finds that the two rules are sufficiently similar so that *Phillip* also applies to an analysis of V.I. R. CRIM. P. 48(a).

¶11 In the present case, the Court finds that a dismissal without prejudice would provide the People with an improper tactical advantage to use and call the previously barred Witness #1 if charges are refiled against Stephens. *See Phillip*, 58 V.I. at 601-02; *People v. Scatliffe*, Case No. ST-15-CR-389, 2016 V.I. LEXIS 91, at *4 (V.I. Super. Ct. July 13, 2016) (unpublished). This advantage partly arises because there is no statute of limitations for filing first degree murder charges in the Virgin Islands, *see* V.I. CODE ANN. tit. 5, § 3541. Additionally, the People flagrantly violated the Court's

order setting a deadline for the release of Witness #1's identity and only dismissed the case after the Court barred Witness #1 from testifying at trial.

¶12    The record shows that on September 12, 2018 the Court granted Stephens' Motion To Compel The Government To Reveal The Deal, and ordered the People to reveal to Stephens, *a minimum of seven days before trial,* the identity of any witness the People planned to call at trial, along with the witness' criminal history and any pertinent plea agreement and benefits tendered to the witness and/or the witness' family. Subsequently, on February 20, 2019, the Court denied the People's motion to continue the trial, which was scheduled for the three-week trial period beginning March 11, 2019. Additionally, the Court ordered the People to notify the Court, by no later than March 1, 2019, on whether the People were going to dismiss the case or proceed to trial, and if the People intended to dismiss the case, to do so by March 1, 2019. On March 1, 2019, the People filed an informational motion notifying the Court they intended to proceed with jury selection on March 25, 2019, which was the last week of the jury period.

¶13    Ultimately, the Court scheduled jury selection for March 22, 2019 and trial for March 25, 2019. Therefore, the People had a duty to disclose the witness' identity by no later than March 18, 2019. However, the People did not disclose the identity of Witness #1 by March 18, 2019. Neither did they submit a motion or request notifying the Court of any impediments, nor ask that the identity of Witness #1 be withheld until closer to trial due to threats. The People only addressed their failure to disclose the identity of Witness #1 during the Pretrial Conference on March 21, 2019, after

Stephens advised the Court he had not received the identify of Witness #1 and had filed a motion to dismiss with prejudice, or in the alternative, to exclude Witness #1 from testifying. The People attempted to excuse their failure to disclose the identity of Witness #1 by claiming that the witness was receiving increased threats. However, the People offered no credible proof.[3] By Order dated March 22, 2019, the Court barred the People from calling Witness #1 during trial. That same day, the People responded by filing a motion to dismiss the case without prejudice. The Court can deduce no other reason for the People filing the Motion to Dismiss besides the exclusion of Witness #1.[4]

¶14 This move on the part of the People concerns the Court. If the People decide to refile the case against Stephens sometime in the future, in 10 years for example, none of the original members of the court, *e.g.*, the judge, prosecutor or defense counsel, may be available to call attention to the March 22, 2019 Order barring Witness #1 from testifying at trial due to the People's failure to disclose the witness' identity. If this occurs, the only person who could argue that Witness #1 should not be allowed to testify would be Stephens. Even if Stephens did remember to call attention to the order, it would be difficult for the order to be enforced because the identify of Witness

---

[3] The People proffered a copy of several text messages that contained no dates or times, nor the phone numbers of the sender or receiver of the texts.

[4] The People did ask that jury selection be moved from Friday, March 22, 2019 to Monday, March 25, 2019, the day trial was slated to start, with trial to begin immediately after. However, the People stated this request was to protect the identify of Witness #1 until the start of trial, since the witness had allegedly been receiving increased threats the week prior to the trial start date. The Court reluctantly granted the request. Although jury selection was moved to March 25, 2019, the duty to disclose the identity of Witness #1 had already lapsed and remained lapsed–even with the new start date.

#1 was never disclosed, not even to the Court. Consequently, if the Court dismisses this matter without prejudice, it would permit the People to circumvent the order requiring them to disclose the identity of Witness #1 seven days prior to trial and allow them to refile the case and call Witness #1 at trial. Simply put, if the Court were to dismiss this matter without prejudice, the People would gain an improper tactical advantage at trial.

¶15   The court in *Phillip* noted two reasons that likely led to the People filing a Rule 48(a) motion to dismiss: "[T]he attorney handling the case had resigned and . . . the replacement attorney needed additional time to familiarize himself with the case," and subsequently, "the prosecuting attorney had a [scheduling conflict]." *Phillip*, 58 V.I. at 597. The People in *Phillip* filed continuances for these two reasons, but both motions were denied. *Id.*

¶16   As a final determining factor, the *Phillip* court found that "the public interest weighs against dismissing a first-degree murder case . . . under these circumstances." *Id.* at 602.[5] This Court does not have similar apprehension about dismissing the case with prejudice. First, Witness #1 is the only witness that incriminates Stephens. Second, plea deals had already been accepted by Stephens' two co-defendants, one of whom admitted to shooting Shacoi Benjamin. Third, the People chose to violate the order setting a deadline for the disclosure of Witness #1's identity. The Court is very

---

[5] When addressing the public interest factor, the *Phillip* court discussed "the initial dismissal of the prior case, and . . . subsequent refusal to dismiss the new case", *i.e.*, "a singular dismissal"; time and costs associated with the initial dismissal; and speedy trial rights. *Phillip*, 58 V.I. at 602.

conscious of the gravity of first-degree murder charges being dismissed with prejudice but finds that dismissal with prejudice is appropriate in this case.

¶17    Besides *Phillip*, there are additional Virgin Islands cases that strengthen the assertion that the government does not have an "unfettered and unreviewable" right to have a case either dismissed without prejudice, or not dismissed at all. *See Scatliffe*, 2016 V.I. LEXIS 91, at *3; *See also Sealey*, 2014 V.I. LEXIS 75, at *1, *4; *V.I. v. Diaz*, 40 V.I. 110, 121 (V.I. Super. Ct. 1998).

¶18    For instance, the court in *People v. Scatliffe*[6] stated that "[t]he determination of whether to prosecute a criminal case and what charges to bring generally rests in the prosecutor's discretion. From a constitutional perspective, the prosecution's discretion is virtually unfettered and unreviewable." *Scatliffe*, 2016 V.I. LEXIS 91, at *3. However, the court also quoted the rule in *Phillip*, and determined that the defendant had not presented any evidence that "establish[ed] . . . the People ha[d] engaged in selective prosecution", were "pursuing th[e] case in bad faith, in a vindictive manner, or for other improper purposes," nor "that the fair administration of criminal justice or the integrity of the [c]ourt would be endangered by dismissal without prejudice." *Id.* at *4.

---

[6] In *Scatliffe*, "the People filed a [m]otion for [c]ontinuance or in the [a]lternative for [a]dministrative [d]ismissal with [s]tatute of [l]imitations [t]olled," and "the [d]efendant . . . filed an [o]pposition to [m]otion for [c]ontinuance and . . . [a] [m]otion to [d]ismiss with [p]rejudice." *Scatliffe*, 2016 V.I. LEXIS 91, at *2. Defendant claimed "the People were obligated to procure the presence of [d]efendant for trial." *Id.* After analysis, the Court granted the People's motion to dismiss without prejudice. *Id.* at *7.

¶19    In *People v. Sealey,* the court noted that the "burden is on a defendant who seeks dismissal [with prejudice] to prove that the People acted in bad faith." *Sealey,* 2014 V.I. LEXIS 75, at *1. In *V.I. v. Diaz,* the court stated that "although the Government is willing to stipulate to a dismissal, without prejudice, it is well within the [c]ourt's authority to dismiss the action with prejudice where the Government is found to have acted in bad faith." *Diaz,* 40 V.I. at 121. The *Diaz* court ultimately found that the government had vindictively violated the defendant's due process rights and dismissed the case with prejudice. *Id.*

¶20    The Court notes that there is Virgin Islands case law that states "[i]f a *Brady* violation occurs *prior to trial,* a trial court has the discretion to grant a mistrial, a short continuance or parse another avenue of relief *other* [emphasis added] than dismissal." *People v. Ward,* 52 V.I. 71, 107 (V.I. Super. Ct. 2009) (citations omitted) (citing *V.I. v. Fahie,* 304 F. Supp. 2d 669, 677 (D.V.I. App. Div. 2004), *aff'd,* 419 F.3d 249 (3d Cir. 2005)). This rule derives from decisions in *V.I. v. Fahie* and *Gov't of the V.I. v. Ubiles. See Gov't of the V.I. v. Ubiles,* 317 F. Supp. 2d 605, 607-09 (D.V.I. App. Div. 2004); *Fahie,* 304 F. Supp. 2d at 672, 674-77. However, the Court finds it unnecessary to elaborate on or analyze these cases because such a stringent rule has been impliedly dismissed by the V.I. Supreme Court in *Phillip. See Phillip,* 58 V.I. at 602. Additionally, *Ward, Fahie* and *Ubiles* discuss *Brady* and/or 16(d) discovery violations, not a Rule 48(a) motion. *See generally Ubiles,* 317 F. Supp. 2d 605; *Fahie,* 304 F. Supp. 2d 669; *Ward,* 52 V.I. 71.

¶21    Although there is no firm finding of bad faith, the People certainly defied the Court's order and unilaterally decided not to disclose the identity of Witness #1 until jury selection. The Court previously found that identifying a witness on the morning of jury selection would not give Stephens sufficient time to investigate the witness because defense counsel would be in jury selection and trial and unable to conduct any meaningful investigation. To now allow the People to dismiss the case without prejudice and possibly refile the case at some future date and call the very witness they refused to timely identify, would allow the People to outmaneuver the Court. While the People have great discretion to dismiss cases without prejudice, it is not unfettered. In this rare instance, fundamental fairness dictates that the Court dismiss with prejudice.[7]

## VI. Conclusion

¶22    In *Phillip*, the court stated that "[i]n a case with different facts – where the record demonstrates that the People were acting in bad faith, or were attempting to harass the defendant or gain some advantage, or where the record does not so clearly demonstrate the strength of the public interest in the reviving of the case – we would exercise our power and require a dismissal requested by the People to be *with* prejudice." *Phillip*, 58 V.I. at 602. In this case, the Court finds the People will gain an

---

[7] Had the People moved to dismiss on March 1, 2019, or even before March 18, 2019, such a motion to dismiss without prejudice would likely have been granted.

improper tactical advantage "that they would not [ ]otherwise [have]", if the case is

dismissed without prejudice; that the record reflects this notion; and that the public

interest is not hindered by this decision. *Phillip*, 58 V.I. at 601-02; *See also Scatliffe*,

2016 V.I. LEXIS 91, at *4.

An Order consistent with this Memorandum Opinion will immediately follow.

DATED:   January *15*, 2020

**Kathleen Mackay**
Judge of the Superior Court
of the Virgin Islands

**ATTEST:**
**ESTRELLA H. GEORGE**
Clerk of the Court

BY: 

**LORI BOYNES TYSON**
Chief Deputy Clerk  *1 / 15/ 2020*