

**FILED**
March 09, 2021
ST-2019-CR-00078
TAMARA CHARLES
CLERK OF THE COURT

## IN THE SUPERIOR COURT OF THE VIRGIN ISLANDS
## DIVISION OF ST. THOMAS AND ST. JOHN

| | | |
|---|---|---|
| **PEOPLE OF THE VIRGIN ISLANDS,** | ) | |
| | ) | |
| Plaintiff, | ) | CASE NO. ST-2019-CR-00078 |
| v. | ) | |
| | ) | |
| | ) | |
| **ALLAN E. STEVENS,** | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Cite as: 2021 VI Super 25

### MEMORANDUM OPINION

¶1    **THIS MATTER** is before the Court on the People's Motion to Dismiss Without Prejudice ("motion to dismiss")[1], filed by the plaintiff, the People of the Virgin Islands ("the People"). Defendant, Allan E. Stevens ("Stevens"), responded by filing a Motion to Dismiss With Prejudice. Stevens urges the Court to dismiss the matter with prejudice because the People did not timely disclose DNA evidence, and allowing them to refile would permit them to use evidence that would have been excluded had the matter proceeded to trial.

¶2    For the reasons set forth below, the People's motion to dismiss without prejudice will be granted and Stevens' motion to dismiss with prejudice will be denied. However, because the Court finds that the People would gain an unfair tactical advantage if permitted to refile and use DNA evidence that was untimely disclosed, the Court will bar the People from using the DNA evidence from use at a future trial.

---

[1] The motion to dismiss was filed February 5, 2020.

## I. FACTS

¶3    Stevens was arrested on March 17, 2019 and charged with: third degree assault in violation of V.I. CODE ANN. tit. 14 § 297(a)(2); use of an unlicensed firearm during the commission of a third-degree assault in violation of V.I. CODE ANN. tit. 14 § 2253(a); unauthorized possession of a firearm in violation of V.I. CODE ANN. tit. 14 § 2253(a); possession of stolen property in violation of V.I. CODE ANN. tit. 14 § 2101(a); and unauthorized possession of ammunition, V.I. CODE ANN. tit. 14 § 2256(a). The original scheduling order, issued April 4, 2019, set jury selection for November 18, 2019 with trial to commence during the three-week trial period beginning thereon, and running through December 6, 2019.

¶4    Immediately following arraignment, on April 5, 2019, Stevens submitted a discovery request that requested, inter alia, "all results of reports of physical or mental examination, scientific tests or experiments or copies thereof, and all documents referring or relating to such reports, that were conducted in connection with any investigation on the charges. . . ." On June 17, 2019, Stevens made a similar supplemental request, which specifically requested DNA and fingerprint reports. The People responded to the discovery requests, but none of the discovery nor responses included DNA reports or requests for same, or any indication that DNA results were outstanding.

¶5    On October 29, 2019 during a pretrial conference, Stevens requested that this matter be placed on last call so that he could consider the plea offer that had been presented. The Court granted Stevens' request, but noted that the matter would remain on the November jury trial period. The case was then set for jury selection on December 2, 2019.

¶6    On November 25, 2019, the People filed a motion to continue the December 2, 2019 jury selection date because one of its witnesses was on a preapproved leave and would not return to

work until December 9, 2019. Over Stevens' objection, the Court granted the People's motion for a continuance and rescheduled jury selection for January 7, 2020 with trial to commence during the two-week period beginning thereon.

¶7　　On December 11, 2019, during a pretrial conference, both parties stated that they were ready for jury selection on January 7, 2020, and the matter was scheduled for final pretrial conference on December 30, 2019. ¶On December 30, 2019, the People moved for a continuance on the grounds that the victim was hesitant to testify. Stevens opposed the motion. The Court granted the continuance and moved jury selection to February 10, 2020, with trial to commence during the three-week period beginning on February 10, 2020, but ordered that no further continuances would be granted to the People absent extenuating circumstances.

¶8　　On January 31, 2020, the People filed a motion to continue jury selection and trial on the grounds that the day prior they had received the DNA Labs International Certificate Analysis ("the DNA report"), dated January 14, 2020, and they could not obtain a DNA expert by February 10, 2020. Stevens filed a written opposition arguing that he had requested all discovery as early as April 5, 2019 and that the People had never advised him that they were awaiting any DNA analysis, even though he had specifically requested all DNA reports on June 17, 2019. Stevens also argued that the DNA evidence had been received by the lab via FedEx on December 5, 2019, as evidenced by the DNA report, which was three days *after* the December 2, 2019 jury selection date. To this point, Stevens argued that the People should not be able to obtain a continuance to benefit from evidence that was not timely obtained nor disclosed. On February 4, 2020, Stevens filed a motion to exclude the DNA evidence, arguing that it prejudiced his ability to prepare for trial. This motion was deemed moot when the People filed a motion to dismiss the matter.

¶9      During the final pretrial conference on February 5, 2020, the People moved to dismiss the matter without prejudice on the grounds that the victim was uncooperative.[2] Specifically, the People alleged that the victim had refused to come into the office to speak with either the prosecutor or case agent because he feared for his life, and as such, the People would file a written motion for dismissal without prejudice. The People also argued that there was no bad faith in failing to timely disclose the DNA report because the prosecutor did not know that the DNA evidence had been sent to the lab for testing.[3]

¶10      Stevens opposes the People's motion and moves this Court to dismiss with prejudice, or alternatively, to dismiss without prejudice so long as the DNA evidence is excluded.

## II. LEGAL STANDARD

¶11      Under Virgin Islands Rule of Criminal Procedure 48(a) "[t]he government may file a dismissal or nolle prosequi of an information. Such a dismissal is without prejudice unless otherwise stated." V.I. CRIM. P. R. 48(a). The "court is generally required to grant a prosecutor's Rule 48(a) motion to dismiss unless dismissal is 'clearly contrary to manifest public interest.'" *Phillip v. People*, 58 V.I. 569, 599 (V.I. 2013);[4] *see also U.S. v. Galloway*, No. 2012-020, 2013 WL 4712042, at *5 (D.V.I. Aug. 30, 2013) (unpublished) (citation omitted). Under such

---

[2] Stevens alleges that, at the February 5 conference, the People attempted to move forward with their request for a continuance and when the continuance was not successful, the People immediately elected orally to move to dismiss the case without prejudice.

[3] The Court accepts the prosecutor's explanation that she had no personal knowledge that evidence was sent for testing.

[4] In *Phillip*, the Virgin Islands Supreme Court analyzed Federal Rule of Criminal Procedure 48(a), whereas the case *sub judice* implicates its local counterpart. The federal rule provides, in relevant part, "[t]he government may, with leave of court, dismiss an indictment, information, or complaint," whereas the Virgin Islands rule provides that "[t]he government may file a dismissal or nolle prosequi of an information. Such a dismissal is without prejudice unless otherwise stated." The federal rule's language is not identical to the Virgin Islands rule, but this Court finds that both are sufficiently similar to one another that the *Phillip* analysis is informative.

circumstances, a court may deny dismissal, or grant dismissal with prejudice. *Phillip*, 58 V.I. at

599 (citing *United States v. Carrigan*, 778 F.2d 1454, 1463 (10th Cir.1985); then citing *Rinaldi v.*

*United States*, 434 U.S. 22, 30 (1977); *In re Richards*, 42 V.I. 469, 487 (3d Cir. 2000)). A court

should deny dismissal or grant dismissal with prejudice only when it is necessary "to protect a

defendant from harassment by a prosecutor acting in bad faith," "protect the public interest in the

fair administration of justice," or "preserve the integrity of courts." A court should not presume

bad faith if no evidence of it exists in the record. *Phillip*, 58 V.I. at 601 (citing *Rinaldi*, 434 U.S.

at 30; *Jacobo-Zavala*, 241 F.3d at 1012; *United States v. Salinas*, 693 F.2d 348, 352 (5th Cir.

1982)). As such, a court should deny the People's dismissal request "only in the 'rarest' of cases,

for it is the People who are presumed to be the best judge of where the public interest lies with

respect to a criminal prosecution." *Phillip*, 58 V.I. at 600 (citing *In re Richards*, 213 F.3d at 786

("[F]ew subjects are less adapted to judicial review than the exercise by the Executive of his

discretion in deciding when and whether to institute criminal proceedings, or what precise charge

shall be made, or whether to dismiss a proceeding once brought"); *United States v. Jacobo-Zavala*,

241 F.3d 1009, 1012 (8th Cir. 2001)).

### III. ANALYSIS

¶12    There are two issues before this Court. First, the Court must decide whether to grant

dismissal with or without prejudice. Second, if the Court decides to grant dismissal without

prejudice, the Court must then decide whether to exclude the People's DNA evidence from use at

a later trial.

¶13    The People move this Court to dismiss without prejudice because the People have been unable to confer with the victim. The People allege that they have made "innumerable attempts" to locate and contact the victim without success because the victim is afraid to come forward.

¶14    Stevens opposes the People's motion and moves this court to dismiss the matter with prejudice because the People acted in bad faith. However, if the Court should grant dismissal without prejudice, Stevens requests that it exclude DNA evidence from future use.

¶15    Stevens does not challenge the People's failure to locate and contact the victim. Indeed, in his opposition to the People's January 31 motion to continue, Stevens acknowledged that he did not know whether the People had located the victim. As such, the Court accepts the People's representation. Rather, Stevens challenges the People's grounds for requesting dismissal without prejudice. He argues that the People's motion is a means to "tactically outmaneuver [the] rules of discovery" and that if the People are permitted to refile, they would use DNA evidence that would have been excluded from trial had it continued as scheduled.[5] Stevens argues that the People were aware of the DNA evidence before they disclosed their awareness of the evidence to the Court on January 31, 2020 because the People moved for a continuance to ensure that the DNA expert would be present at trial. Stevens argues that the People's failure to timely disclose the DNA evidence to him amounts to an act of bad faith warranting dismissal with prejudice.

¶16    "[I]t is well within the court's authority to dismiss [an] action with prejudice where the Government is found to have acted in bad faith." *Gov't of V.I. v. Diaz*, 40 V.I. 110, 121 (V.I. Super. Ct. 1998) (dismissing cases against a criminal defendant with prejudice because the government acted in bad faith). The burden is on the defendant who seeks dismissal with prejudice "to prove

_____

[5] The People concede that the DNA evidence would have been excluded at trial in February 2020.

that the People acted in bad faith." *People v. Stephens*, No. ST-2016-CR-177, 2020 WL 806592, at \*4 (V.I. Super. Ct. Jan. 15, 2020) (quoting *People v. Sealey*, No. SX-11-CR-883, 2014 V.I. LEXIS 75, at \*1 (V.I. Super. Ct. Sept. 15, 2014)); *see also Rivera v. People*, 64 V.I. 540, 570-80 (V.I. 2016) (requiring that the defendant prove that he suffered substantial prejudice by the government's charging delay); *cf. Galloway*, 2013 WL 4712042, at \*5 (collecting cases) ("A presumption of good faith attaches to the Government's decision to seek dismissal under Rule 48(a)."). Actions that constitute bad faith include those through which the government intentionally attempts to unfairly gain a tactical advantage by prejudicing the defendant. *See Rivera*, 64 V.I. at 570 (discussing bad-faith delays by the government to gain a tactical advantage); *People v. Velasquez*, 59 V.I. 197, 207 (V.I. Super. Ct. 2013) (citing *U.S. v. Marion*, 404 U.S. 307, 324 (1971)) (contextualizing a delay made in bad faith as being for the purpose of gaining a tactical advantage); *cf. Ponce v. People*, 72 V.I. 828, 837-38 (V.I. 2020) (finding a lack of bad faith where the government's non-disclosure of discovery was not intentional); *Stephens*, 2020 WL 806592, at \*5 (recognizing that the government would gain a tactical advantage if allowed to refile, even without a firm finding of bad faith). Evidence of bad-faith acts may include, but is not limited to, instances where the government harasses the defendant,[6] acts vindictively to violate a defendant's constitutional or statutory rights,[7] or dismisses a case in order to later use evidence that would have been excluded had the matter gone forward to trial.[8] *Cf. Phillip*, 58 V.I. at 601 (citing *United States v. Smith*, 55 F.3d 157, 159 (4th Cir.1995) (examples of bad faith include acceptance of a bribe,

---

[6] *Phillip*, 58 V.I. at 599 (recognizing that a Court may deny a motion to dismiss without prejudice or grant dismissal with prejudice where there is evidence that the prosecutor acted in bad faith by harassing the defendant).

[7] *Gov't of V.I. v. Diaz*, 40 V.I. 110, 121 (V.I. Super. Ct. 1998) (finding evidence of bad faith in the government's violation of a defendant's constitutional right to bail).

[8] *Stephens*, 2020 WL 806592, at \*5 (dismissing with prejudice upon finding that the People would gain an improper tactical advantage if allowed to refile and use evidence from a witness that would have been excluded at trial).

personal dislike of the victim or accuser, or dissatisfaction with the empaneled jury); *United States v. Salinas*, 693 F.2d 348, 353 (5th Cir. 1982) (finding bad faith where the government dismissed the case to obtain "a 'better' jury, a jury more to its liking"); *Hoskins v. Maricle*, 150 S.W.3d 1, 21 (K.Y. 2004) (indicating that wishing to "attend a social event rather than trial" would be bad faith)); *but see Rivera*, 64 V.I. at 570 (declining to find bad faith in a ten-year charging delay where the defendant was arrested for first-degree murder); *Gov't of V.I. v. Ubiles*, 317 F.Supp. 2d 605, 609 (D.V.I. 2004) (finding no evidence of bad faith in the government's delay in turning over a forensics report because it was unwilling or unable to coordinate with the police department in retrieving the report form a condemned storage room).

¶17     Importantly, the Court cannot presume the existence of bad faith where the defendant fails to provide evidence of it. *See Galloway*, 2013 WL 4712042, at *2   (finding that the defendant presented no evidence to suggest that the government acted in bad faith in seeking dismissal after it was unable to produce at trial a witness whose testimony would be critical for prosecution); *People v. Scatliffe*, No. ST-15-CR-389, 2016 V.I. LEXIS 91, *5 (V.I. Super. Ct. July 13, 2016) (unpublished) ("Nothing presented by [d]efendant establishes that the People . . . engaged in selective prosecution[,] . . . pursu[ed] th[e] case in bad faith, in a vindictive manner, or for other improper purposes"). If the defendant fails to establish his burden, the Court must grant the People's motion to dismiss without prejudice so long as it is not contrary to the public interest. *Phillip*, 58 V.I. at 599.

¶18     Stevens argues that this matter should be dismissed with prejudice because the People have acted in bad faith by harassing him with the threat of repeated prosecution and attempting to

tactically outmaneuver the rules of discovery to prejudice his case. The People reject both arguments, as does the Court.

¶19     Under *Phillip*, evidence that the prosecutor is harassing the defendant may constitute an act of bad faith. *See Phillip*, 58 V.I. at 599. However, harassment is not evidenced by a single motion for dismissal. In *Phillip*, the Court also noted that "a singular dismissal, rather than a cycle of repetitively dismissing and refiling the case, . . . weighs against a finding that the dismissal interfere[s] with the administration of justice or otherwise unduly harass[es] [the defendant]." *Phillip*, 58 V.I. at 602 (citation omitted).

¶20     In view of *Phillip*, the Court finds that a single request for dismissal is insufficient, on its own, to demonstrate harassment by the prosecution. Moreover, the Court finds that the People's grounds for dismissal, which they argue is their inability to contact and confer with the victim, also weighs against finding that Stevens was harassed. As such, in light of *Phillip*, the People's alleged grounds for dismissal, and the absence of any other evidence, the Court finds that the prosecution has not harassed the defendant.

¶21     Stevens also argues that the People have acted in bad faith by first delaying trial, and then by attempting to gain a tactical advantage in future prosecution. Stevens argues that he has been prejudiced in the current matter by the delay in the People's disclosure and in their repeated requests to continue and delay trial. To this point, Stevens argues that the government has a constitutional duty to provide a prompt trial and that the People breached their duty by repeatedly requesting continuances. *See Dickey v. Florida*, 398 U.S. 30, 37-38 (1970). Stevens also argues that the People are using dismissal as a means to refile the case and use the DNA evidence in a later trial, since the DNA evidence would have been excluded had the matter proceeded to trial in

February 2020. Stevens argues that the People's attempt to outmaneuver the rules of discovery demonstrates that they are attempting to gain an unfair tactical advantage—indicative of bad faith. He also argues that he will be prejudiced in the future if the People are permitted to refile and use the DNA evidence in future prosecution. As such, Stevens moves the Court to enter dismissal with prejudice to ensure that the Court, its processes, and its rules regarding discovery are not abused.

¶22    The Court agrees that the People have a constitutional duty to provide a prompt trial. *See Dickey*, 398 U.S. at 37-38. However, after reviewing the facts, the Court does not find that the People failed to fulfill their duty. Stevens was arrested on March 17, 2019 and the People moved to dismiss on February 5, 2020. The Court finds no evidence that Stevens' case was unfairly delayed. Rather, the Court finds that the People's use of continuances to gain more time to locate and confer with the victim constitutes good cause. *See Lee v. Kerma*, 534 U.S. 362, 392 (2002) (Where a witness is not available, "a continuance may be appropriate if the movant makes certain required representations demonstrating good cause to believe the continuance would make a real difference to the case.") Therefore, the Court finds no evidence to demonstrate that the People's delays were made in bad faith or prejudiced the defendant. *See Rivera*, 64 V.I. at 570-80; *Velasquez*, 59 V.I. at 207; *Scatliffe*, 2016 V.I. LEXIS 91, *5.

¶23    The Court finds that Stevens has also failed to present evidence that demonstrates that the People are acting in bad faith in requesting dismissal without prejudice. The People have stated that their motion to dismiss without prejudice is the result of their inability to locate and confer with the victim. In a memorandum of law submitted in support of his motion, Stevens acknowledges that he is aware that the People have been unable to locate the victim. Stevens states that the People conveyed this information at the pre-trial status conference on December 30, 2019

and directly to Stevens in a VIPD report dated February 7, 2020. Stevens does not present evidence to challenge the People's asserted grounds for dismissal, and therefore the Court finds that he has not successfully rebutted the People's presumption of good faith. *See Galloway*, 2013 WL 4712042, at \*5. The Court accepts the People's representation that their grounds for dismissal is an inability to locate and confer with the victim. Moreover, the Court finds no bad faith in the People's request to dismiss the matter without prejudice.

¶24　However, the Court agrees that in granting a dismissal without prejudice the People may have the opportunity to refile the case and use the DNA evidence at trial that would have been barred had the matter gone to trial in February 2020 The Court finds that the People would gain a tactical advantage that they would not have otherwise had had the matter proceeded to trial as scheduled, because, as the People concede, the DNA evidence would have been excluded. *See Phillips*, 58 V.I. at 601 (citations omitted).[9]

¶25　The People's obligation to disclose material evidence that is favorable to the accused and known by those acting on the government's behalf includes an obligation to timely disclose evidence obtained by the police department. *See Brady v. Maryland*, 373 U.S. 83 (1963); *see also Kyles v. Whitley*, 514 U.S. 419, 437, (1995); *Strickler v. Greene*, 527 U.S. 263, 275 (1999); *John v. People*, 63 V.I. 629, 642 (V.I. 2015).[10] In *John v. People, the Virgin Islands Supreme Court* held that knowledge possessed by the Virgin Islands Police Department (VIPD) can be imputed to

---

[9] Although the Court did not reduce its ruling to writing, it did not find any extenuating circumstances necessary to justify a continuance, and it had previously ruled no further continuances would be granted, unless for extenuating circumstances.

[10] "Even though this duty of disclosure is tightly tethered to constitutional guarantees of due process, 'the Constitution is not violated every time the government fails or chooses not to disclose evidence that might prove helpful to the defense.' Rather, the prosecution's failure to disclose evidence rises to the level of a due process violation "only if the government's evidentiary suppression undermines confidence in the outcome of the trial." *Gov't of V.I. v. Fahie*, 45 V.I. 475, 481 (D.V.I. 2004) (quoting *Smith v. Holtz*, 210 F.3d 186, 195–197 (3d Cir.2000)).

the Office of the Attorney General of the Virgin Islands, such that the Court may presume that the knowledge possessed by the police is also knowledge possessed by the prosecution. *John*, 63 V.I. at 642. Thus, under *John*, the VIPD's actual knowledge is presumed knowledge possessed by the prosecution. Here, the Court finds that VIPD knew, by December 5, 2019 at the latest, that it had collected and sent a DNA sample for testing because, according to the DNA report, the DNA evidence was received by the lab on December 5, 2019.[11] Therefore, applying *John*, the Court presumes that knowledge possessed by the VIPD was knowledge possessed by the prosecution, and finds that the People were aware of the DNA evidence, by no later than December 5, 2019. The Court rejects the People's claim that they only became aware of the DNA evidence on January 30, 2020.

¶26    While the People argue that the prosecutor did not know that the DNA evidence had been sent to the lab for testing, and the Court accepts that the *individual prosecutor* did not have *personal* knowledge of the DNA evidence, or personal knowledge that it was sent for testing, the Court finds that the People of the Virgin Islands did possess knowledge of the DNA evidence prior to January 30, 2021, as VIPD certainly possessed that knowledge.

¶27    However, absent evidence from Stevens that clearly demonstrates that the People acted intentionally in failing to disclose the existence of DNA evidence for the purposes of prejudicing his case, the Court cannot presume that the People's untimely disclosure was made in bad faith. *See Ponce*, 72 V.I. at 838 (affirming the trial court's finding that the People did not act in bad faith because the nondisclosure was not intentional, but rather was the result of "sloppy work on the

---

[11] It is unclear if the DNA sample was taken from a weapon or other evidence in the custody of VIPD, but certainly VIPD knew it had shipped off a sample for testing as of the date of shipment. This occurred after the first continuance.

side of the prosecution"). Moreover, the People have conceded that the DNA evidence would have been excluded had the matter proceeded to trial, and thus the Court finds that Stevens was not prejudiced by the untimely disclosure. *See Ponce*, 72 V.I. at 838 (finding that minimal prejudice that is easily cured is insufficient to demonstrate bad faith). Therefore, the Court finds that Stevens has failed to present evidence to clearly demonstrate that the People acted in bad faith in failing to timely disclose the DNA evidence, but that the People would gain an unfair tactical advantage if permitted to use untimely disclosed DNA evidence at a future trial.[12] For these reasons, the Court will grant dismissal without prejudice, but will also exclude the untimely disclosed DNA evidence and direct that it not be use in a future trial.

## IV. CONCLUSION

¶28     The Court finds that, under the Virgin Islands Supreme Court's analysis in *Phillip*, the People's motion to dismiss without prejudice is not clearly contrary to manifest public interest.

---

[12] The Court distinguishes this case from its holding in *People v. Stephens*, No. ST-2016-CR-177, 2020 WL 806592, at *1-4 (V.I. Super. Ct. Jan. 15, 2020) on the facts. In *Stephens*, the People unilaterally decided not to disclose the identity of a witness until jury selection. Importantly, the defendant was facing a charge of first-degree murder, which carries no statute of limitations. Therefore, the Court found that if the matter were dismissed without prejudice the People could refile the case against the defendant in the distant future and none of the original members of the court would be available to call attention to the Court's order barring the witness from testifying at trial. In addition, the identity of the witness never having been disclosed, not even the defendant could bring attention to the Court's order. Even if the defendant in Stephens called attention to the order, it would be difficult for another court, in the distant future, to enforce the order because the identity of the witness was never disclosed, not even to the Court. Consequently, if the Court dismissed the matter without prejudice, the People would have gained an improper tactical advantage at a future trial. The risk of prejudice to the defendant along with the Court's finding of bad faith in the People's nondisclosure was the basis of the Court's dismissal with prejudice.

Here, however, Stevens has failed to present evidence to clearly demonstrate that the People acted intentionally in failing to timely disclose the existence of DNA evidence, and thus the Court cannot make a finding of bad faith. Since dismissal with prejudice should only be used in the rarest of circumstances, *Phillip*, 58 V.I. at 600, absent a finding of bad faith, the Court must grant dismissal without prejudice. In addition, the charges pending against Stevens are subject to a three-year statute of limitations.

There is no evidence that the People intentionally failed to timely disclose the existence of DNA evidence for the purposes of prejudicing Stevens' case, and thus the Court cannot make a finding of bad faith. As such, the Court will grant the People's motion to dismiss without prejudice. And the Defendant's motion to dismiss with prejudice will be denied. However, given that the People would gain an unfair tactical advantage if permitted to use the untimely disclosed DNA evidence at a later trial, the Court will direct that the People are barred from using DNA evidence at a future trial.

An order consistent with this opinion will immediately follow.

DATED: March 9 , 2021

_____
**Kathleen Mackay**
Judge of the Superior Court
of the Virgin Islands

**ATTEST:**
**TAMARA CHARLES**
Clerk of the Court

BY: _____
**LORI M. BOYNES** 3/ 9 /2021
Chief Deputy Clerk